Matthew G. Ball (SBN 20881)
Matthew.Ball@klgates.com
Rachel Chatman (SBN 206775)
Rachel.Chatman@klgates.com
**K&L GATES LLP**
4 Embarcadero Ctr., Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant
TREX COMPANY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROSS and BRADLEY S. HURETH,<br><br>Plaintiffs,<br><br>v.<br><br>TREX COMPANY, INC, a Delaware corporation,<br><br>Defendants. | Case No. C09 00670<br><br>DEFENDANT TREX COMPANY, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT |

Defendant Trex Company, Inc. ("Trex") hereby answers the First Amended Class Action Complaint of Plaintiffs Eric Ross and Bradley S. Hureth ("FAC") as follows:

## I. INTRODUCTION

1. In answer to Paragraph 1 of the FAC, Trex denies each and every allegation contained therein.

2. In answer to Paragraph 2 of the FAC, Trex admits it produces decking products in a Nevada manufacturing facility and denies each and every remaining allegation.

3. In answer to Paragraph 3 of the FAC, Trex denies each and every allegation contained therein.

4. In answer to Paragraph 4 of the FAC, Trex denies each and every allegation contained therein.

5. In answer to Paragraph 5 of the FAC, Trex denies each and every allegation contained therein.

## II. PARTIES

6. In answer to Paragraph 6 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

7. In answer to Paragraph 7 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

8. In answer to Paragraph 8 of the FAC, Trex admits it is incorporated in Delaware and has its principal place of business in Winchester, Virginia. Trex admits that it has a manufacturing facility in Fernley, Nevada as well as one in Winchester, Virginia. Trex admits it is the country's largest manufacturer of wood-alternative decking, railing and fencing products, marketed under the brand name Trex®. Trex admits its products are sold at retail throughout the United States, including in California. Trex denies each and every remaining allegation contained therein.

## III. JURISDICTION

9. In answer to Paragraph 9 of the FAC, Trex has removed this action to federal court

and on that basis denies each and every allegation contained in said paragraph.

**IV.  VENUE**

10. In answer to paragraph 10 of the FAC, Trex has removed this action to federal court and on that basis denies each and every allegation contained in said paragraph.

11. In answer to Paragraph 11 of the FAC, Trex admits a venue affidavit was attached to the complaint but Trex is without sufficient knowledge or information to form a belief as to the remaining allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

**V.  CHOICE OF LAW**

12. In answer to Paragraph 12 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

13. In answer to Paragraph 13 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

14. In answer to Paragraph 14 of the FAC, Trex admits it sells its product at retail in California and denies each and every remaining allegation contained therein.

15. In answer to Paragraph 15 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

16. In answer to Paragraph 16 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

17. In answer to Paragraph 17 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

**VI.  FACTUAL ALLEGATIONS**

18. In answer to Paragraph 18 of the FAC, Trex admits it manufactures a wood-plastic

composite decking material that is advertised as suitable for constructing outdoor decks, railings and other related structures. Trex is without sufficient knowledge or information to form a belief as to the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained therein.

19. In answer to Paragraph 19 of the FAC, Trex admits it has been manufacturing, advertising and selling decking products under the name Trex® since 1996. Trex denies each and every remaining allegation contained therein.

20. In answer to Paragraph 20 of the FAC, Trex admits that the website page cited contains the statement, "Trex takes the natural beauty of wood, but leaves behind all the rotting and splintering." Trex denies the website location cited states that Trex® is "resistant to moisture," but admits to stating Trex® is "resistant to moisture" elsewhere on its website.

21. In answer to Paragraph 21 of the FAC, Trex admits that the sentence quoted appears in the online text of the 25 year limited warranty (which was first published on January 1, 2005) for residential products. Trex denies each and every remaining allegation contained therein.

22. In answer to Paragraph 22 of the FAC, Trex denies each and every allegation contained therein.

23. In answer to Paragraph 23 of the FAC, Trex denies each and every allegation contained therein.

24. In answer to Paragraph 24 of the FAC, Trex admits a quarterly report to its shareholders stated some Trex® products produced at the Nevada facility had exhibited surface defects, and denies the remainder of the allegations in the paragraph.

**VII. TOLLING**

25. In answer to Paragraph 25 of the FAC, Trex denies each and every allegation contained therein.

26. In answer to Paragraph 26 of the FAC, Trex denies each and every allegation contained therein.

4
**DEFENDANT TREX COMPANY, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO.: No. CV 161553**

27. In answer to Paragraph 27 of the FAC, Trex denies each and every allegation contained therein.

## VIII. CLASS ACTION ALLEGATIONS

28. In answer to Paragraph 28 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

29. In answer to Paragraph 29 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

30. In answer to Paragraph 30 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

31. In answer to Paragraph 31 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

32. In answer to Paragraph 32 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

33. In answer to Paragraph 33 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

34. In answer to Paragraph 34 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

*///*

### Acertainability & Numerosity

36. In answer to Paragraph 36 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

37. In answer to Paragraph 37 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

### Community of Interest

38. In answer to Paragraph 38 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

### Typicality

39. In answer to Paragraph 39 of the FAC, Trex denies each and every allegation contained therein.

40. In answer to Paragraph 40 of the FAC, Trex denies each and every allegation contained therein.

41. In answer to Paragraph 41 of the FAC, Trex denies each and every allegation contained therein.

### Predominance of Common Issues

42. In answer to Paragraph 42 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

43. In answer to Paragraph 43 of the FAC, Trex denies each and every allegation contained therein.

44. In answer to Paragraph 44 of the FAC, Trex denies each and every allegation contained therein.

45. In answer to Paragraph 45 of the FAC, Trex denies each and every allegation contained therein.

46. In answer to Paragraph 46 of the FAC, Trex denies each and every allegation contained therein.

47. In answer to Paragraph 47 of the FAC, Trex denies each and every allegation contained therein.

48. In answer to Paragraph 48 of the FAC, Trex denies each and every allegation contained therein.

49. In answer to Paragraph 49 of the FAC, Trex denies each and every allegation contained therein.

50. In answer to Paragraph 50 of the FAC, Trex denies each and every allegation contained therein.

51. In answer to Paragraph 51 of the FAC, Trex denies each and every allegation contained therein.

52. In answer to Paragraph 52 of the FAC, Trex denies each and every allegation contained therein.

53. In answer to Paragraph 53 of the FAC, Trex denies each and every allegation contained therein.

54. In answer to Paragraph 54 of the FAC, Trex denies each and every allegation contained therein.

55. In answer to Paragraph 55 of the FAC, Trex denies each and every allegation contained therein.

56. In answer to Paragraph 56 of the FAC, Trex denies each and every allegation contained therein.

57. In answer to Paragraph 57 of the FAC, Trex denies each and every allegation contained therein.

58. In answer to Paragraph 58 of the FAC, Trex denies each and every allegation contained therein.

///

///

**Adequacy**

59. In answer to Paragraph 59 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

60. In answer to Paragraph 60 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

61. In answer to Paragraph 61 of the FAC, Trex denies each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Consumer Legal Remedies Acts, Civ. Code § 1750, et seq. ("CLRA"))**
**(On behalf of the California Class Only)**

62. In answer to Paragraph 62 of the FAC, Trex hereby incorporates by reference its answers to the allegations contained in the preceding paragraphs of the FAC.

63. In answer to Paragraph 63 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

64. In answer to Paragraph 64 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

65. In answer to Paragraph 65 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

66. In answer to Paragraph 66 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

67. In answer to Paragraph 67 of the FAC, Trex denies each and every allegation contained therein.

68. In answer to Paragraph 68 of the FAC, Trex denies each and every allegation contained therein.

69. In answer to Paragraph 69 of the FAC, Trex denies each and every allegation contained therein.

70. In answer to Paragraph 70 of the FAC, Trex denies each and every allegation contained therein.

71. In answer to Paragraph 71 of the FAC, Trex denies each and every allegation contained therein.

72. In answer to Paragraph 72 of the FAC, Trex denies each and every allegation contained therein.

73. In answer to Paragraph 73 of the FAC, Trex denies each and every allegation contained therein.

74. In answer to Paragraph 74 of the FAC, Trex denies each and every allegation contained therein.

75. In answer to Paragraph 75 of the FAC, Trex denies each and every allegation contained therein.

76. In answer to Paragraph 76 of the FAC, Trex denies each and every allegation contained therein.

77. In answer to paragraph 77 of the FAC, Trex admits a venue affidavit was attached to the FAC. Trex has removed this action and on that basis denies each and every remaining allegation contained in said paragraph.

78. In answer to paragraph 78 of the FAC, Trex admits that its counsel received the letter attached as Exhibit B to the FAC contemporaneously with the FAC and denies each and every remaining allegation.

**SECOND CLAIM FOR RELIEF**
**(Violation of Bus. & Prof. Code §§ 17200 (the "Unfair Business Practices Act"))**
**(On behalf of the California Class Only)**

79. In answer to Paragraph 79 of the FAC, Trex hereby incorporates by reference its answers to the allegations contained in the preceding paragraphs of the FAC.

9

80. In answer to Paragraph 80 of the FAC, Trex is without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

81. In answer to Paragraph 81 of the FAC, Trex denies each and every allegation contained therein.

82. In answer to Paragraph 82 of the FAC, Trex denies each and every allegation contained therein.

83. In answer to Paragraph 83 of the FAC, Trex denies each and every allegation contained therein.

84. In answer to Paragraph 84 of the FAC, Trex denies each and every allegation contained therein.

85. In answer to Paragraph 85 of the FAC, Trex denies each and every allegation contained therein.

86. In answer to Paragraph 86 of the FAC, Trex denies each and every allegation contained therein.

87. In answer to Paragraph 87 of the FAC, Trex denies each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF
**(Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, et seq.)**
**(On Behalf of the Nationwide Class)**

88. In Answer to Paragraph 88 of the FAC, Trex hereby incorporates by reference its answers to the allegations contained in the preceding paragraphs of the FAC.

89. In answer to Paragraph 89 of the FAC, Trex denies each and every allegation contained therein.

90. In answer to Paragraph 90 of the FAC, Trex denies each and every allegation contained therein.

91. In answer to Paragraph 91 of the FAC, Trex denies each and every allegation contained therein.

92. In answer to Paragraph 92 of the FAC, Trex denies each and every allegation contained therein.

93. In answer to Paragraph 93 of the FAC, Trex denies each and every allegation contained therein.

94. In answer to Paragraph 94 of the FAC, Trex denies each and every allegation contained therein.

95. In answer to Paragraph 95 of the FAC, Trex denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**
**Breach Of Express Warranty**
**(On Behalf of the California and Nationwide Classes)**

96. In answer to Paragraph 96 of the FAC, Trex hereby incorporates by reference its answers to the allegations contained in the preceding paragraphs of the FAC.

97. In answer to Paragraph 97 of the FAC, Trex admits that the sentence quoted appears in the online text of the 25 year limited warranty (which was first published on January 1, 2005) for residential products. Trex denies each and every remaining allegation contained therein.

98. In answer to Paragraph 98 of the FAC, Trex admits that the website page cited contains the statement, "Trex takes the natural beauty of wood, but leaves behind all the rotting and splintering." Trex denies each and every remaining allegation contained therein.

99. In answer to Paragraph 99 of the FAC, Tex admits that it has provided consumers with photographs, samples or models of Trex® decking products at various times over the past 13 years. Trex denies each and every remaining allegation contained therein.

100. In answer to Paragraph 100 of the FAC, Trex denies each and every allegation contained therein.

101. In answer to Paragraph 101 of the FAC, Trex denies each and every allegation contained therein.

102. In answer to Paragraph 102 of the FAC, Trex denies each and every allegation contained therein.

103. In answer to Paragraph 103 of the FAC, Trex denies each and every allegation contained therein.

104. In answer to Paragraph 104 of the FAC, Trex denies each and every allegation contained therein.

105. In answer to Paragraph 105 of the FAC, Trex denies each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**
**(On Behalf of the California and Nationwide Classes)**

106. In Answer to Paragraph 106 of the FAC, Trex hereby incorporates by reference its answers to the allegations contained in the preceding paragraphs of the FAC.

107. In answer to Paragraph 107 of the FAC, Trex denies each and every allegation contained therein.

108. In answer to Paragraph 108 of the FAC, Trex denies each and every allegation contained therein.

109. In answer to Paragraph 109 of the FAC, Trex denies each and every allegation contained therein.

## IX. RELIEF REQUESTED

In response to Plaintiffs' Prayer for Relief and Paragraphs 110-118 of the FAC contained therein, Trex denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to the relief requested or to any relief in any amount or of any kind whatsoever.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Trex asserts the following separate and affirmative defenses to the First Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Trex upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Trex has not breached any express warranty.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to plead its claims against Trex with sufficient particularity as required by Fed. R. Civ. P. 9(b).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by Plaintiffs' lack of standing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are pre-empted by federal law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of laches because there was an unreasonable and inexcusable length of time from the date Plaintiffs knew or reasonably should have know of their claims against Trex and the date they filed this action. Plaintiffs' and the putative class members' delay has operated to the prejudice or injury of Trex. To allow Plaintiffs and the putative class members at this late date to assert these claims for relief against Trex would be unjust.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to Trex's alleged conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims for damages under California Civil Code § 1750, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to notify Trex more than thirty days prior to commencement of this action in compliance with the requirements set forth in California Civil Code § 1782.

### TWELFTH AFFIRMATIVE DEFENSE

One or more Plaintiffs as well as many putative class members may have received or will receive full or partial refunds from Trex, and their claims are therefore barred and/or the payment of such claims would unjustly enrich such Plaintiffs and putative class members.

### THIRTEENTH AFFIRMATIVE DEFENSE

One or more Plaintiffs and/or some putative class members have entered into releases of their claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims under California Civil Code § 1750, *et seq.*, are barred, in whole or in part, because Trex has acted in good faith, and any alleged error on Trex's part was a bona fide error notwithstanding Trex's use of reasonable procedures adopted to avoid any such error.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to certification of the putative class to the extent that Plaintiffs and the members of the putative class entered into transactions with Trex (1) for uses other than for personal, business or household use, or (2) for a business use, as opposed to a use by a consumer.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they have failed to act reasonably to mitigate their alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution and the analogous provisions of the

Constitutions of California, Nevada, and any other States whose laws are or become relevant in the course of this litigation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any finding of liability pursuant to Sections 17200 and 17500 of the California Business and Professions Code, or any monetary remedy given under the provisions of those statutes, would violate the Due Process and Equal Protection Clauses of the United States, California and Nevada Constitutions, because the standards of liability under those statutes are unduly vague and subjective and Trex could be subjected to arbitrary adjudicative procedures, including multiple liability on the same conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims and punitive damages are barred by the Eighth Amendment, the Contract Clause and the Due Process Clause of the United States Constitution and the corresponding provisions of the California and Nevada Constitutions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims for punitive damages are barred or limited in whole or in part. The application of California law allowing the award of punitive damages and the substantive rules and procedures for determining whether or not to award them and further, if awarded, in what amount, violate Article 1, Section 7 (due process and equal protection) and Article 4, Section 16 (equal protection) of the Constitution of the State of California and the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the corresponding provisions of the Nevada Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Trex, they are not entitled to such relief because they have an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are not entitled to the injunctive relief they seek because the injunction would be unmanageable and would require excessive judicial supervision.

15
**DEFENDANT TREX COMPANY, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**
**CASE NO.: No. CV 161553**

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are not entitled to the mandatory injunctive relief they seek because it would compel Trex to perform affirmative acts that would change the positions of the parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members' claims are barred or limited by disclaimers and limitations in Trex's warranty documents.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Trex has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses. Trex reserves the right to assert additional affirmative defenses in the event discovery and investigation indicates they are appropriate.

WHEREFORE, Trex prays as follows:

(1) That Plaintiffs and the putative class members take nothing by reason of their complaint and that judgment be rendered in favor of Trex;

(2) that Trex be awarded its costs of suit incurred in defense of this action; and

(3) for such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Trex hereby demands trial by jury.

Dated: February 23, 2009
K&L GATES LLP

By: /s/
Rachel Chatman (SBN 206775)
Rachel.Chatman@klgates.com

Attorneys for Defendant Trex Company, Inc.