**E-Filed 3/16/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ERIC ROSS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TREX COMPANY, INC., a Delaware Corporation, <br><br> Defendant, <br>———————————————————<br> MARK OKANO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TREX COMPANY, INC., a Delaware Corporation, <br><br> Defendant. | Case Number C 09-670 JF (PVT) <br><br><br><br><br><br><br> Case Number C 09-1878 JF (PVT) <br><br> ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF SURFACE FLAKING CLAIMS IN *ROSS* ACTION; APPROVING STIPULATED AMENDMENT TO REASSERT MOLD CLAIMS IN *ROSS* ACTION; CONSOLIDATING *ROSS* AND *OKANO* ACTIONS; AND APPOINTING LEAD COUNSEL IN CONSOLIDATED ACTION |

Plaintiffs in the *Ross* action seek final approval of the settlement of the surface flaking claims asserted in that action; leave to amend the action to reassert mold claims; consolidation of the *Ross* and *Okano* mold actions; and appointment of their counsel as lead counsel for the consolidated action. Plaintiffs in the *Okano* action oppose final approval of the surface flaking

claims, and object to the *Ross* plaintiffs' motion for leave to reassert mold claims.  The *Okano* plaintiffs agree that if the *Ross* plaintiffs are permitted to pursue mold claims, the two mold actions should be consolidated.  However, the *Okano* plaintiffs assert that in that event their counsel should be appointed as lead counsel in the consolidated mold action.

      For the reasons discussed below, the Court will grant final approval of the settlement of the surface flaking claims in the *Ross* action; grant the *Ross* plaintiffs' request for leave to amend that action to reassert mold claims; consolidate the *Ross* and *Okano* mold actions; and appoint the *Okano* plaintiffs' counsel as lead counsel in the consolidated mold action.

## I. FINAL APPROVAL OF *ROSS* SETTLEMENT

      On September 30, 2008, the *Ross* complaint was filed in the Santa Cruz Superior Court, alleging a putative class action against Defendant Trex Company, Inc. ("Trex") arising from alleged defects in Trex's decking and railing products.  Trex products are made up of a plastic and wood composite, and typically are used in constructing outdoor decks.  Among other things, the complaint alleged that the Trex material begins to exhibit surface flaking and mold well before the end of its warranted life.  On January 6, 2009, the *Ross* plaintiffs amended their complaint to remove the mold claims.  The *Ross* plaintiffs represent that they removed the mold claims so that they could focus on litigation of the surface flaking claims, and that they always intended to reassert the mold claims once the surface flaking claims were resolved.

      The *Ross* case was removed to this Court on February 13, 2009.  At about the same time the *Ross* plaintiffs entered into a memorandum of understanding with Trex, outlining the terms of a settlement of the surface flaking claims.  The MOU did not address attorneys' fees and costs, which were negotiated after the parties had agreed on the material terms of the substantive claims.  On July 30, 2009, over the objections of counsel for the *Okano* plaintiffs and others, the Court granted preliminary approval of the settlement with respect to a nationwide class.  Under the settlement, Trex agrees to replace any board on which surface flaking has occurred or alternatively to provide a cash equivalent at retail price.  If surface flaking has occurred on more than fifty percent of the Trex product used on a particular deck, Trex will replace all of the boards or provide the class member with a cash equivalent at retail price.  Trex will pay the

2

Case Nos. C 09-670 JF (PVT) / C 09-1878 JF (PVT)
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF SURFACE FLAKING CLAIMS ETC.
(JFLC2)

shipping costs of any replacement boards. Trex also will reimburse class members for a portion of the labor costs associated with replacing decking material: class members who have not received any prior compensation from Trex will receive a labor payment of $0.18 per linear foot of decking to be replaced. Under this measure of recovery, a class member with an average sized deck will receive $225.00 in labor costs. Class members who already have received some compensation from Trex (*e.g.*, through an earlier warranty claim) will receive a labor payment of $0.18 per linear foot of decking to a maximum of $225.00. The settlement establishes a neutral process for appeal of denied claims. Each of the class representatives will receive an incentive award of $7,500. Additionally, Trex will pay class counsel $1,250,000 in attorneys' fees and costs, separate and apart from the recovery of the class members.

The Court provisionally certified the nationwide class at the time it granted preliminary approval of the settlement. The Court remains satisfied that the class satisfies the requirements of Federal Rule of Civil Procedure 23(a). The Court likewise is satisfied that the Court-approved notice plan satisfies the requirements of Rule 23(e)(1), and that the notice plan was fully implemented.

The Court next must determine whether the settlement is "fundamentally fair, adequate and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also* Fed. R. Civ. P. 23 (e). "Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id*. "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id*. In such cases the court must be particularly concerned with the possibility of collusion. *Id*.

The Court is satisfied that the settlement presented by the *Ross* parties is not the product of collusion, but rather of arm's length negotiation. The $7,500 incentive awards to the two class representatives are appropriate. *See In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454, 463

(9th Cir. 2000) (district court has discretion to authorize incentive awards to class representatives); *Pelletz v. Weyerhaeuser Corp*, 592 F. Supp. 2d 1322, 1330 (W.D. Wash. 2009) (approving $7,500 incentive awards for class representatives in class action case arising from defects in composite decking materials). With respect to the $1,250,000 in attorneys' fees and costs, counsel have documented their hours and hourly rates more than adequately; applying the lodestar method and utilizing a modest multiplier of 1.31, the Court concludes that the award is appropriate. The Court notes that the attorneys' fees and costs were negotiated only after the material terms of the class settlement were determined.

Turning to the factors weighing in favor of approval of the settlement, the Court notes the obvious fact that litigation of the claims would be expensive and lengthy. The government has declined to intervene; thus Plaintiffs alone would have to shoulder significant risk that they could obtain class certification and defeat a motion for summary judgment. Moreover, the outcome of trial and any subsequent appeal is inherently uncertain and involves significant delay. Class counsel engaged in substantial informal discovery while investigating the surface flaking claims, engaged experts, and performed testing on the Trex products. Counsel are experienced in litigating large consumer class actions, and put forward their considered opinion that the settlement is fair.

Weighing against approval of the settlement are the facts that the surface flaking claims appear to be fairly strong, and the recovery is not adequate to compensate class members for substantial labor costs necessary to repair or replace the affected decks. Eighteen class members have filed objections to the settlement and one hundred and seventeen class members have sought to opt out of the lawsuit. While these numbers are relatively small considering that 17,240 class members received direct notice of the settlement, the uniformity of the negative comments is striking: the class members object to a settlement that awards only $225 in labor costs to each class member, making "it hardly worth the effort to fill out the claim forms," *see* Ludemann Opt-Out, but awards $1,250,000 to the attorneys. The contrast between the recovery of the class members and the recovery of the lawyers is characterized as "insulting," "unfair," and "inequitable." *See* Feusi and Rogers Objs.

4

Case Nos. C 09-670 JF (PVT) / C 09-1878 JF (PVT)
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF SURFACE FLAKING CLAIMS ETC.
(JFLC2)

In the Court's opinion, the motion for final approval presents a close question. However, after considering the record as a whole, and particularly the legal uncertainty with respect to the measure of damages available to the class, the Court concludes that the settlement is within the range of reasonable outcomes, and will approve it.

## II. AMENDMENT OF *ROSS* ACTION TO REASSERT MOLD CLAIMS

The record is clear that the *Ross* plaintiffs dismissed the mold claims solely for the purpose of focusing on the surface flaking claims, and that they always intended to reassert the mold claims following disposition of the surface flaking claims. Trex has stipulated to the amendment of the *Ross* complaint to reassert the mold claims. If the Court were to deny the motion for leave to amend, the *Ross* plaintiffs simply could file a new mold action and request that it be related to the instant action. Under these circumstances, in the interest of judicial economy, the Court will permit the *Ross* plaintiffs to amend their complaint to reassert mold claims.

## III. CONSOLIDATION OF *ROSS* AND *OKANO* MOLD ACTIONS

The parties agree that consolidation of the mold claims against Trex is appropriate. Accordingly, the Court will consolidate the *Ross* action, now consisting only of mold claims, with the *Okano* action. The Clerk of the Court shall administratively close the *Okano* action, and the consolidated case shall proceed under the *Ross* case number.

## IV. LEAD COUNSEL

Counsel for the *Ross* plaintiffs, Leiff, Cabraser, Heimann & Bernstein, LLP, and counsel for the *Okano* plaintiffs, Hagens Berman Sobol Shapiro LLP, both request appointment as lead counsel in the consolidated mold action. While the Court initially considered the idea of appointing both firms as co-lead counsel, the Court found persuasive the economy and efficiency arguments presented at the hearing by the Leiff, Cabraser firm. Accordingly, the Court concludes that appointment of one lead counsel is the best approach for this particular case, with the understanding that other class counsel will serve on an executive committee and play a role in directing the case.

Both law firms are experienced. Both are excellent. The firms are approximately the

5

Case Nos. C 09-670 JF (PVT) / C 09-1878 JF (PVT)
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF SURFACE FLAKING CLAIMS ETC.
(JFLC2)

same size.  The Court finds it extremely difficult to choose between the two.  However, the Leiff, Cabraser firm has had an opportunity to control the litigation of the surface flaking claims, and while the Court will approve that settlement for the reasons discussed above, the Court would characterize the benefits obtained for the class as adequate rather than exceptional.  The Hagens Berman firm argues forcefully that it will obtain a better result with respect to the mold claims.  The Court is inclined to give the Hagens Berman firm an opportunity to make good on its promise.  Accordingly, the Court will appoint the Hagens Berman firm as lead counsel for the consolidated mold action.

## V. ORDER

(1) The Court GRANTS FINAL APPROVAL OF SETTLEMENT in the *Ross* action; the Court has signed the revised Second Revised Proposed Order submitted by Plaintiffs;

(2) The *Ross* plaintiffs' request for leave to amend their complaint to reassert mold claims is GRANTED;

(3) The *Ross* and *Okano* actions are HEREBY CONSOLIDATED; the *Okano* action shall be administratively closed and the consolidated action shall proceed under the *Ross* case number; and

(4) The Hagens Berman firm is appointed lead counsel for the consolidated action.

Dated: March 15, 2010

_____
JEREMY FOGEL
United States District Judge