**E-Filed 4/7/2010**

# **EXHIBIT A**

1   Jonathan D. Selbin  (State Bar No. 170222)
    jselbin@lchb.com
2   Nimish R. Desai  (State Bar No. 244953)                    **E-Filed 4/7/2010**
    ndesai@lchb.com
3   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    275 Battery Street
4   San Francisco, CA 94111-3336
    Telephone:  (415) 956-1000
5   Facsimile:   (415) 956-1008

6   Elizabeth A. Alexander  (*pro hac vice*)
    ealexander@lchb.com
7   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    One Nashville Place
8   150 Fourth Avenue, North
    Suite 1650
9   Nashville, TN  37219-2423
    Telephone:  (615) 313-9000
10  Facsimile:  (615) 313-9965

11  *Attorneys for Plaintiffs and the Proposed Class*

12

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17

18  ERIC ROSS and BRADLEY S. HURETH,        Case No. 5:09-CV-00670-JF

19              Plaintiffs,                  **[SECOND REVISED ~~PROPOSED~~] FINAL
                                             ORDER APPROVING CLASS ACTION
20  v.                                       SETTLEMENT, AND DISMISSING
                                             RELEASED CLAIMS WITH PREJUDICE**
21  TREX COMPANY, INC., a Delaware
    corporation,                             DATE:          October 30, 2009
22                                           TIME:          9:00 a.m.
                Defendant.                   COURTROOM:     Courtroom 3, 5th Floor
23                                           JUDGE:         Hon. Jeremy Fogel

24          WHEREAS, Plaintiffs and Trex have entered into a class action Settlement Agreement,

25  signed by all Parties and filed with the Court on May 26, 2009; and

26          WHEREAS, the Court entered an Order dated July 30, 2009, preliminarily certifying the

27  putative Class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering

28  notice to potential Class Members, scheduling a Fairness Hearing for October 30, 2009, at

858179.1                                                  [SECOND REVISED PROPOSED] ORDER GRANTING
                                                          FINAL APPROVAL OF CLASS ACTION SETTLEMENT
                                                          CASE NO. 5:09-CV-00670-JF

9:00 a.m., and providing those persons with an opportunity either to exclude themselves from the settlement Class or to object to the proposed Settlement (the "Preliminary Approval Order"); and

WHEREAS, on September 1, 2009, Trex provided notice of the proposed Settlement under 28 U.S.C. § 1715 to the appropriate state and federal government officials; and

WHEREAS, the Court held a Fairness Hearing on October 30, 2009, at 9:00 a.m., to determine whether to give final approval to the proposed Settlement; and

WHEREAS, the Parties have complied with the Preliminary Approval Order and the Court is of the opinion that the Settlement Agreement is fair, adequate, and reasonable, and that it should be approved.

NOW THEREFORE, based on the submissions of the Parties and Class Members, the testimony adduced at the Fairness Hearing, any comments or objections filed by objectors, the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED as follows:

1.       Incorporation of Defined Terms and the Settlement Agreement.  Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement and Dismissing Class Action with Prejudice (the "Final Order and Judgment") shall have the meanings set forth in the Amended Stipulation of Settlement and Release ("Settlement Agreement").  The Settlement Agreement (and any attachments thereto) is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes.

2.       Jurisdiction.  The Court has personal jurisdiction over the Parties and all Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' Complaint and Amended Complaint, and to dismiss this Action on the merits and with prejudice.

3.       Final Class Certification.  The Settlement Class this Court preliminarily certified in its Preliminary Approval Order is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(b)(3).  The Settlement Class consists of: all Persons in the United States or its Territories who own or owned decks or other structures composed of Trex Product manufactured

at Trex's Fernley, Nevada plant between January 1, 2002 and December 31, 2007. Included within the Settlement Class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and remote. Notwithstanding the foregoing, the following Persons shall be excluded from the Class: Trex and its subsidiaries and affiliates; all Persons who, in accordance with the terms of this Agreement, properly execute and timely file during the Opt-Out Period a request for exclusion from the Settlement Class; all governmental entities and the judge(s) to whom the case is assigned and any immediate family members thereof. A list of those persons who have timely excluded themselves from the Class, and who therefore are not bound by this Final Order and Judgment, is attached hereto as Appendix A, which is incorporated herein and made a part hereof for all purposes.

4.    Adequacy of Representation. The Court appoints Eric Ross and Bradley Hureth to serve as Settlement Class representatives. The Court appoints Lieff Cabraser Heimann & Bernstein, LLP; Tousley, Brain & Stephens, PLLC; Hausfeld, LLP; Gary, Naegele & Theado, LLC; Audet and Partners, LLP; Cuneo, Gilbert & LaDuca, LLP, and Lockridge Grindal Nauen, PLLP to serve as Class Counsel. The appointment of Class Counsel, and the appointment of the Plaintiffs as the Settlement Class representatives, is fully and finally confirmed. The Court finds that Class Counsel and Plaintiffs have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

5.    Class Notice. The Court finds that the direct mail notice and publication of the Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

a.    constituted the best practicable notice to Class Members under the circumstances of this Action;

b.    were reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness,

1    reasonableness or adequacy of the proposed Settlement, the adequacy of the Settlement Class's

2    representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative

3    fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel

4    hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment

5    in this Action, whether favorable or unfavorable, on all persons who do not request exclusion

6    from the Settlement Class;

7              c.      was reasonable and constituted due, adequate, and sufficient notice to all

8    persons entitled to be provided with notice; and

9              d.      fully satisfied the requirements of the Federal Rules of Civil Procedure,

10   including Fed. R. Civ. P. 23(c)(2) and (e), the United States Constitution (including the Due

11   Process Clause), the Rules of this Court, and any other applicable law.

12        6.     Class Action Fairness Act Notice.  The Court finds that Trex provided notice of

13   the proposed Settlement to the appropriate state and federal government officials pursuant to

14   28 U.S.C. § 1715.  Furthermore, the Court has given the appropriate state and federal government

15   officials the requisite 90 day time period (pursuant to 28 U.S.C. § 1715) to comment or object to

16   the proposed Settlement before entering its Final Order and Judgment and no such objections or

17   comments were received.

18        7.     Class Findings.  For purposes of the settlement of this Action (and only for such

19   purposes, and without an adjudication of the merits), the Court finds that the requirements of the

20   Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court and any

21   other applicable law have been met in that:

22             a.      The Settlement Class consists of thousands of Persons who own decks or

23   other structures composed of Trex Product as defined in the Settlement Agreement.  The

24   Settlement Class is so numerous that their joinder before the Court would be impracticable.

25             b.      The commonality requirement of Fed. R. Civ. P. 23(a) generally is satisfied

26   when members of the proposed Settlement Class share a common factual or legal issue.  Here, the

27   Court finds for settlement purposes that Plaintiffs have alleged at least one question of fact and

28

1  law purportedly common to the Settlement Class. Plaintiffs complain of alleged common

2  misrepresentations by Trex and an alleged common condition of the product in question.

3          c.     The Court finds for settlement purposes that the claims of the named

4  Plaintiffs are typical of the claims of the Settlement Class that are being settled. The named

5  Plaintiffs are adequate representatives of the Settlement Class they represent, since their interests

6  are reasonably co-extensive with those of Settlement Class members, and the Plaintiffs have

7  retained experienced counsel to represent them. The named Plaintiffs and Class Counsel will

8  fairly and adequately protect the interests of the Settlement Class.

9          d.     The Court finds for settlement purposes that a resolution of this Action in

10  the manner proposed by the Settlement Agreement is superior to other available methods for a

11  fair and efficient adjudication of the Action and that common issues predominate over individual

12  issues. Common questions include whether Trex products manufactured during the relevant time

13  period are defective by design or manufacture. Class treatment here, in the context of the

14  Settlement, will facilitate the favorable resolution of all Settlement Class members' claims. The

15  proposed resolution of this Action involves a Claims Program which will identify and resolve

16  complaints without burdening the courts or regulators and which will result in the replacement of

17  any defective Trex Product (i.e., Trex Product exhibiting the Surface Flaking defect) or a cash

18  equivalent at retail price and a partial labor stipend. Given the number of Class Members, use of

19  the class device will offer a more efficient and fair means of adjudicating the claims at issue,

20  conserve judicial resources, and will promote consistency and efficiency of adjudication by

21  avoiding multiple individual suits or piecemeal litigation. The Court also notes that, because this

22  Action is being settled rather than litigated, the Court need not consider manageability issues that

23  might be presented by the trial of a nationwide class action involving the issues in this case. *See*

24  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

25      In making these findings, the Court has considered, among other factors: (i) the interests

26  of Class Members in individually controlling the prosecution or defense of separate actions;

27  (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the

28  extent and nature of any litigation concerning these claims already commenced; and (iv) the

desirability of concentrating the litigation of the claims in a particular forum.  The Court takes

guidance in its consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011

(9th Cir. 1998).

8.      Final Settlement Approval.  The terms and provisions of the Settlement

Agreement, including any and all amendments and exhibits, have been entered into in good faith

and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best

interests of, the Plaintiffs and the Class Members, and in full compliance with all applicable

requirements of the Federal Rules of Civil Procedure, the United States Constitution (including

the Due Process Clause), and any other applicable law.

The Court finds that the Settlement Agreement is fair, adequate and reasonable based on

the following factors, among other things.  First, there is no fraud or collusion underlying this

Settlement, and it was reached after good faith, arms-length negotiations, warranting a

presumption in favor of approval.  *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 688 F.2d

615, 625 (9th Cir. 1982).  Second, the complexity, expense and likely duration of the litigation

favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much

shorter time frame than otherwise possible.  Based on the stage of the proceedings and the amount

of investigation and informal discovery completed, the Parties had developed a sufficient factual

record to evaluate their chances of success at trial and the proposed Settlement.  Third, the

support of Class Counsel, who are highly skilled in class action litigation such as this, and the

Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also

favors final approval.  *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622 (N.D. Cal. 1979); *Class

Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).  Fourth, the Settlement provides

meaningful relief to the Settlement Class, including replacement product or a cash equivalent at

retail price for any defective Trex Product (*i.e.*, Trex Product exhibiting the Surface Flaking

defect) as well as a partial labor payment for replacement of any defective Trex Product, and

certainly falls within the range of possible recoveries by the Settlement Class.

Finally, the positive response to the Settlement by the Settlement Class – evidenced by a

very small percentage of opt-outs and objections – further supports final approval.  Of the 17,240

- 6 -                          [SECOND REVISED PROPOSED] ORDER GRANTING
                                                                                                FINAL APPROVAL OF CLASS ACTION SETTLEMENT
                                                                                                CASE NO. 5:09-CV-00670-JF

1    direct notice recipients, only 117 opted out.  The Court also received 18 objections, four of which

2    were untimely and a fifth which suffered from other procedural deficiencies.  These are modest

3    numbers for both categories.  *Compare Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir.

4    2004).  Moreover, no government agent has responded to the proposed Settlement despite the

5    notifications sent to the appropriate state and federal government officials.

6          The Court has considered the objections and hereby overrules them.  The objectors

7    generally argue that the Settlement could have been better by providing different or additional

8    relief.  However, as the Ninth Circuit has made clear, the Court's inquiry "is not whether the final

9    product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from

10   collusion."  *Hanlon*, 150 F.3d at 1027. The Court finds that the Settlement meets this standard.

11         The objections filed by Mark Okano and Sharon Ding ("*Okano* Objectors") and Joe and

12   Clara Marotto, Helen Strausser, Robert Kimmerling, and Johnnie Schmidbauer ("*Marotto*

13   Objectors"), both through counsel with competing cases on file, primarily focus on what results

14   could have been obtained through successful litigation.  Notably, the *Okano* Objectors raised

15   essentially the same objections at the preliminary approval stage and the Court found then that the

16   objections were insufficient to warrant disapproval of the Settlement.  After careful consideration,

17   the Court reaches the same conclusion today.  Accordingly, the *Okano* and the *Marotto* objections

18   are overruled.

19         The *Okano* Objectors contend that the labor payment under the Settlement is inadequate.

20   While they acknowledge that the warranty expressly excludes *any* labor costs, they argue that the

21   limitation is unenforceable.  However, as the Court previously found, the alleged unenforceability

22   is far from certain.  Limitations on consequential economic damages for consumers are not prima

23   facie unconscionable, U.C.C. § 2-719(3), and such disclaimers in consumer warranties have been

24   upheld where there is no great disparity of bargaining power.  *E.g.*, *Zaremba v. Marvin Lumber*

25   *and Cedar Co.*, 458 F.Supp.2d 545 (N.D. Ohio 2006).  Thus, the *Okano* Objectors fail to

26   acknowledge the inherent risks of their approach, for it is possible that continued litigation would

27   lead to negligible or no benefit to consumers.  The Court is mindful that one Class member who

28   opted out and pursued litigation in California small claims court was denied any recovery on the

1   basis of the warranty exclusion.  (Alexander Decl., Docket No. 115, Ex. A.)  Moreover, given the

2   inherent variation in purchase transactions among Class members, this argument may have

3   complicated class certification.  In light of the significant risks of pursuing the *Okano* Objectors'

4   proposed strategy, the Court finds that the Plaintiffs' decision to settle for a partial labor stipend

5   was reasonable, and that the labor recovery, along with the other benefits of the Settlement, fall

6   well within the range of reasonableness.

7       *Okano* Objectors also fault Plaintiffs for failing to bring Magnusson-Moss Warranty Act

8   claims.  However, the Act provides no remedies or damages independent of state law (which

9   Plaintiffs adequately pled), and thus its inclusion would not have enhanced the recovery for Class

10  members.  Further, the inclusion of a Magnusson-Moss claim could have potentially complicated

11  class certification due to its exclusive reliance on state law remedies.  *See In re Mexico Money*

12  *Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) ("It is best to bypass marginal theories [of

13  recovery] if their presence would spoil the use of an aggregation device that on the whole is

14  favorable to holders of small claims."); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir.

15  1986).  Accordingly, the decision to exclude the Magnusson-Moss claim was entirely sensible,

16  and does not in any way render the Settlement unfair, inadequate, or unreasonable.

17      The *Okano* Objectors further argue that the lack of a demand for treble damages renders

18  the Settlement inadequate.  (*Okano* Mem. at 22.)  Again, this argument is based on what could

19  have been achieved following a potentially lengthy and costly trial.  Without deciding the issue,

20  the facts of this case –an unintentional manufacturing defect that causes no personal or property

21  injury – do not suggest punitive damages would be warranted.  Further, the Court need not

22  evaluate this Settlement based upon the potential recovery of punitive damages following

23  potentially protracted litigation.  *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 954 (9th

24  Cir. 2009).

25      The *Okano* Objectors' argument that the reference to the Fernley, Nevada plant renders

26  the notice defective has previously been rejected, and is overruled again.  As the Court previously

27  explained, Trex has stated it will presume that any Trex Product exhibiting the surface flaking

28  failure at issue in this case was manufactured at the Fernley plant during the relevant time period.

1   (Fairbanks Decl. at ¶ 7.)

2         Objections regarding the lack of formal discovery are similarly overruled.  As stated in the

3   order granting preliminary approval, the process by which the Settlement was negotiated is

4   unobjectionable.  The evidence shows that the parties engaged in extensive, arms-length

5   negotiation.  There is simply no evidence of collusion between the parties.  There was substantial

6   investigation and informal discovery, including expert investigation of the defects, and review of

7   a voluminous production of documents.  Class counsel are experienced in class action litigation,

8   specifically product defect cases, and there is nothing to suggest the process by which the

9   Settlement was negotiated was anything less than adversarial.

10         Finally, objections regarding the size of attorneys' fees are overruled.  As is evident from

11   the evidence submitted, counsel invested a significant amount of time investigating the case,

12   retaining experts, and engaging in informal discovery and negotiations with Trex.  The Settlement

13   obtained confers a substantial, immediate benefit on members of the Class and Class counsel

14   undertook a significant financial risk in proceeding in contingency-based class litigation.  As

15   such, the objectors have failed to make a showing that the attorneys' fees of $1,250,000 is

16   unjustified.

17         Following on their substantive critiques, *Okano* Objectors claim that the alleged

18   shortcomings identified above also make the named Plaintiffs inadequate class representatives.

19   For the same reasons, then, the "failure" to allege Magnusson-Moss claims or seek punitive

20   damages do not make the Plaintiffs inadequate representatives.  Further, the Objectors' critique

21   that the Plaintiffs are not "typical" under Rule 23(a)(3) because of the size of the class

22   representative stipends is unfounded.  These stipends are commonly awarded in class litigation to

23   reward and incentivize efforts which benefit a large pool of absent Class members, and the $7,500

24   stipends here are in line with those of similar cases. *Compare Pelletz v. Weyerhaeuser Corp.*, 255

25   F.R.D. 537, 546 (W.D. Wash. 2009).  Furthermore, the stipends are not disproportionate to Class

26   members' recovery.  All Class members will be eligible for thousands of dollars in replacement

27   product or cash reimbursement, in some instances for their entire decks.

28         As part of their adequacy of representation arguments, *Okano* Objectors claim that the

1   failure to plead the case under the laws of the 51 jurisdictions led the parties to undervalue the

2   Settlement.  The logic of this objection is unclear, since Nevada and California law provide the

3   full range of remedies available in warranty actions, including attorneys' fees and punitive

4   damages.  The Court overrules this speculative objection, particularly since nationwide classes

5   are frequently certified under one state's law (as Plaintiffs have done here), and because the

6   Objectors' strategy itself contains serious risks.  At any rate, this difference in strategy certainly

7   does not render the Settlement unfit for approval.

8          Finally, though not mentioned in their opposition brief, *Okano* Objectors argued at the

9   fairness hearing that the Settlement does not account for alleged structural integrity problems with

10  the decking material.  The *Okano* Objectors offered no specific evidence of this alleged problem.

11  The *Marotto* Objectors joined this argument and provided a single anecdote in support.  The

12  Court finds this objection unavailing.  The only competent evidence in the record, strength testing

13  conducted by Plaintiffs' expert wood scientist, demonstrates that product exhibiting the surface

14  flaking defect does not have structural integrity problems.  (Selbin Decl., Doc. No. 90, Ex. B.)

15  Nevertheless, out of an abundance of caution, the parties excluded any structural integrity claims

16  from the Settlement.  (Docket No. 78, Ex. A at 8-9.)  Furthermore, the Settlement does not

17  encompass any claims for personal injury.  (*Id*.)  Since the vast majority of Class members have

18  apparently not suffered any structural issues with their decks, this approach allows them to begin

19  claiming the substantial Settlement benefits.  At the same time, homeowners with more extensive

20  problems, if any, are free to pursue their own remedies.

21         The *Marotto* Objectors largely mirror the *Okano* Objectors in their challenge of the

22  adequacy and typicality of the class representatives, the size of attorneys' fees, and their view on

23  the informal discovery process used by Class counsel.  These objections are overruled for the

24  reasons stated above.

25         The *Marotto* Objectors further contend that the Settlement "provides no additional benefit

26  whatsoever to homeowners" beyond what Trex has always provided.  This is incorrect.  It is clear

27  from the record that, in the past, Trex provided labor or "goodwill" payments to warranty

28  claimants infrequently and on an uneven basis, and that such payments ceased altogether in

1   January 2009.  Further, as the Court found at the preliminary approval stage, the Settlement

2   provides benefits above and beyond the product's warranty in the form of the labor payment,

3   shipping costs, and additional recovery for more than fifty percent failure of the product.  The

4   Settlement also provides an enforcement mechanism such that homeowners are able to obtain

5   meaningful and timely relief without the risk of no recovery.  *See Hanlon*, 150 F.3d at 1027.

6          It is also *Marotto* Objectors' view that continued litigation poses no risks to the Class and

7   that the only legal issue is damages.  This argument ignores the realities of litigating class actions

8   and product defect cases.  Continued litigation would present a host of issues relating to class

9   certification, causation, and liability.  Further, continued litigation would incur substantial costs,

10  years of delay, and an uncertain outcome.  *See In re NVIDIA Corp. Derivative Litig.*, No. C-06-

11  06110-SBA (JCS), 2009 U.S. Dist. LEXIS 24973, at *16-17 (N.D. Cal. Mar. 18, 2009).  During

12  these years of delay, Class members would have recovered nothing.  This Settlement allows for

13  immediate and substantial relief to Class members.  Again, the Court finds that the Settlement is

14  fair, adequate, and reasonable under the circumstances.

15         Objections were also filed by *pro se* Class members Edward and Deanna Ater, Wayne and

16  Karen Harrison, Michael Capelle,[1] William and Esperanza G. Langan, Marvin Linville, Gary and

17  Diane Russel, Terri E. Jones, William D. and Kathleen Carpenter, Richard Southern, John Coxe,

18  Thomas S. Feusi, and Conrad B. and Sandra K. Rogers.[2]  (*See* Docket Nos. 117, 121 and 144.)

19  These objections are overruled.

20         The primary grievance of the *pro se* objectors is that the amount of labor payment

21  included in the Settlement is inadequate.  Specifically, the objectors contend that the formula of

22  $0.18 per linear foot is too small in that it will not result in full payment of labor costs associated

23  with replacing their decks.  In addition, Mr. Langan objects that the $225 limit on the labor

24

---

[1] Mr. Capelle was the only *pro se* objector to appear at the fairness hearing.

25

26  [2] A number of these suffered from procedural deficiencies.  The objections of Southern, Coxe, Feusi, and Rogers were untimely.  Additionally, Messrs. Southern and Feusi timely opted out of the settlement, and therefore may not also object.  Finally, the Carpenters failed to submit their

27  objections to counsel for Trex and the Class.  The Court will consider these objections despite their procedural deficiencies.

28

1   payment for those who have prior compensated claims is not fair because other Class Members

2   may receive more in labor costs under the Settlement, and Ms. Jones and the Rogers object that

3   Trex's right to elect whether to provide replacement product or cash equivalent in its sole

4   discretion is unfair.

5        In other words, the objectors complain that, by way of Settlement, they will not obtain all

6   of the relief (and perhaps more) they could hope to recover after potentially years of successful

7   litigation.  That is not a realistic goal, and it is not the standard by which final approval of a

8   settlement is measured.  Instead, these objections "offer nothing more than speculation about

9   what damages 'might have been' won had they prevailed at trial."  *Linney v. Cellular Alaska*

10  *P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (*quoting Officers for Justice*, 688 F.2d at 625).  As

11  the Ninth Circuit has repeatedly held, "it is the very uncertainty of outcome in litigation and

12  avoidance of wasteful and expensive litigation that induce consensual settlements.  The proposed

13  Settlement is not to be judged against a hypothetical or speculative measure of what might have

14  been achieved by the negotiators."  *Id.* (*quoting Officers for Justice*, 688 F.2d at 625).  The Court

15  explained, "the very essence of a settlement is compromise, a yielding of absolutes and an

16  abandoning of highest hopes."  *Id.*  Although the Settlement terms reached here provide a

17  significant benefit, "[t]he fact that a proposed settlement may only amount to a fraction of the

18  potential recovery does not, in and of itself, mean that the proposed settlement is grossly

19  inadequate and should be disapproved."  *Id.* (citations and quotations omitted).

20       This Court has previously recognized that "a settlement by definition requires

21  compromise, and Plaintiffs cannot expect to make a full recovery in the absence of litigation."

22  (Docket No. 81 at 7.)  There is no guarantee that, if the warranty limitations had been contested in

23  litigation, they would be found unconscionable, as explained above.  Moreover, the labor costs,

24  shipping, and enhanced recovery for decks with more than fifty percent failure exceed the basic

25  entitlement of the warranty and represent value gained through the Settlement.  Class Counsel,

26  after investigation and in light of their broad experience with consumer class actions, decided that

27  a compromise was appropriate, and the Court agrees.

28       Finally, the Carpenters argue that the settlement is inadequate because it is not on par with

- 12 -

1    a prior settlement in *Kanefsky v. Trex Company, Inc., et al.*, No. L-7347-00 (N.J. Sup. Ct.).

2    However, their comparison of the two settlements is incomplete.  While *Kanefsky* offers labor

3    reimbursement under some circumstances, it also allows Trex to invoke numerous exclusions to

4    avoid honoring a settlement claim altogether, it releases claims (including mold claims) that are

5    not compensated under its terms, and it apparently provides for no oversight of the claims process

6    by class counsel.  None of these limitations are present in the instant Settlement.  Moreover,

7    *Kanefsky* incorporated claims regarding structural integrity problems, whereas in this case the

8    only expert to test the product has demonstrated there is no problem with the product's structural

9    integrity.  (Selbin Decl., Doc. No. 90, Ex. B.)  Both *Kanefsky* and the instant case show the give

10   and take that is crucial to all class action settlements.

11           Accordingly, the Court overrules all objections and approves the Settlement Agreement as

12   fair, adequate, and reasonable.  The Parties and Class Members are hereby directed to implement

13   and consummate the Settlement Agreement according to its terms and provisions.

14           9.      Binding Effect.  The terms of the Settlement Agreement, and of this Final Order

15   and Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as their

16   heirs, executors, administrators, representatives, agents, successors and assigns, and those terms

17   shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or

18   other proceedings maintained by or on behalf of any such persons, to the extent those claims,

19   lawsuits or other proceedings involve matters that were or could have been raised in this Action

20   or are otherwise encompassed by the Release described in the next paragraph of this Final Order

21   and Judgment.

22           10.     Release.  The release language contained in the Settlement Agreement (including

23   but not limited to § A, ¶ 27 and § I of the Settlement Agreement) is expressly incorporated herein

24   in all respects, is effective as of the date of this Final Order and Judgment, and forever discharges

25   the Released Parties as set forth therein.

26           11.     Permanent Injunction.  All Class Members who have not been timely excluded

27   from the Settlement Class (by filing and serving a properly executed request for exclusion by

28   October 29, 2009) are hereby permanently barred and enjoined from (a) filing, commencing,

1    asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as Class

2    members or otherwise), or receiving any benefits or other relief from, any other lawsuit,

3    arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on

4    or relating to the claims and causes of action, or the facts and circumstances relating thereto, in

5    this Action and/or the matters released in the Released Claims section of the Settlement

6    Agreement (§ A, ¶ 27), and (b) organizing or soliciting the participation of any Class Members in

7    a separate class for purposes of pursuing as a purported class action (including by seeking to

8    amend a pending complaint to include class allegations, or by seeking class certification in a

9    pending action) any lawsuit or other proceeding based on or relating to the claims and causes of

10   action, or the facts and circumstances relating thereto, in this Action and/or the matters released in

11   the Released Claims section of the Settlement Agreement (§ A, ¶ 27).  The Court finds that

12   issuance of this permanent injunction is necessary and appropriate in aid of the Court's

13   jurisdiction over this Action and to protect and effectuate the Court's Final Order and Judgment.

14           12.     Enforcement of Settlement.  Nothing in this Final Order and Judgment shall

15   preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this

16   Final Order and Judgment preclude Plaintiffs or Class Members from participating in the Claims

17   Program described in § E of the Settlement Agreement if they are entitled to do so under the

18   terms of the Settlement Agreement.

19           13.     Attorneys' and Class Representative's Fees and Expenses.  The Settlement

20   Agreement provides for attorneys' fees and reimbursement of their expenses in the amount of

21   $1,250,000.00, and stipends to the Class representatives as follows:  $7,500.00 each to Eric Ross

22   and to Bradley S. Hureth.  The Court will issue a separate order addressing these fees and stipend

23   requests.

24           14.     No Other Payments.  The preceding paragraph of this Final Order and Judgment

25   covers, without limitation, any and all claims for attorneys' fees and expenses, representative

26   fees, costs or disbursements incurred by Class Counsel or any other counsel representing the

27   Plaintiffs or Class Members, or incurred by the Plaintiffs or the Class Members, or any of them,

28   in connection with or related in any manner to this Action, the settlement of this Action, the

administration of such Settlement, and/or the matters released in the Released Claims section of the Settlement Agreement (§ A, ¶ 27) except to the extent otherwise specified in this Final Order and Judgment and the Settlement Agreement.  Trex shall not be liable to Plaintiffs and the Class Members for any additional attorneys' fees, representative fees, or expenses.  All costs of court are taxed against the Parties incurring same.

15.     Retention of Jurisdiction.  The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, including, without limitation, for the purpose of:

a.     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment, whether persons or entities are enjoined from pursuing any claims against Trex, etc.);

b.     entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Trex), or to ensure the fair and orderly administration of the Settlement; and

c.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties, and the Class Members.

16.     No Admissions.  Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Settlement) is, may be construed as, or may be used as an admission or concession by or against Trex as to the validity of any claim or any actual or potential fault,

1   wrongdoing or liability whatsoever.  Additionally, neither the Settlement Agreement, nor any

2   negotiations, actions, or proceedings related to them, shall be offered or received in evidence in

3   any action or proceeding against Trex in any court, administrative agency or other tribunal for

4   any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and

5   the Settlement Agreement.  This Final Order and Judgment and the Settlement Agreement may be

6   filed and used by Trex or the Released Parties to seek an injunction and to support a defense of

7   res judicata, collateral estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or

8   reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar

9   defense or counterclaim.

10          Certification shall be automatically vacated and this Final Order and Judgment shall

11  become null and void if the Settlement Agreement is disapproved by any appellate court and/or

12  any other court of review, or if Trex invokes its right to terminate this Settlement Agreement

13  (pursuant to § P of the Settlement Agreement), in which event this Final Order and Judgment, the

14  Settlement Agreement and the fact that they were entered into shall not be offered, received or

15  construed as an admission or as evidence for any purpose, including the "certifiability" of any

16  class as further discussed in § B of the Settlement Agreement.  The Settlement Agreement itself,

17  actions in conformance with the Settlement, and the other documents prepared or executed by any

18  party in negotiating or implementing the Settlement called for by the Settlement Agreement,

19  including any of the terms of any such documents, shall not be construed as an admission, waiver

20  or estoppel by Trex and shall not be offered in evidence in or shared with any party to any civil,

21  criminal, administrative, or other action or proceeding without Trex's express written consent.

22          17.     Dismissal of Action.  This action is dismissed to the extent it alleges Released

23  Claims as defined in the Settlement Agreement.  Dismissal of the Released Claims is on the

24  merits and with prejudice against Plaintiffs and all other Class Members, without fees or costs to

25  any party except as otherwise provided in this Final Order and Judgment and the Court's separate

26  order regarding attorneys' fees and costs and class representative stipends.

27          18.     Final Judgment.  This is a Final Judgment disposing of all Released Claims and all

28  parties to the extent they assert those Released Claims.

1   SIGNED this ___7th___ day of ___April, 2010_____, ~~2009~~:

2   **Nunc Pro Tunc to March 15, 2010**

3   _____

4   The Honorable Jeremy Fogel,
    UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

**LIST OF OPT-OUTS EXCLUDED FROM THE CLASS**

**Case No. 5:09-CV-00670-JF (N.D. Ca.)**
**Appendix A:  Final List of Opt-Outs**

|    | Name | Date | State |
|----|------|------|-------|
| 1  | Adams, Gary | 9/17/2009 | CA |
| 2  | Aitcheson, Wanda | 9/9/2009 | WV |
| 3  | Alpert, Robert Lee | 10/27/2009 | CA |
| 4  | Anderson, Richard M. | 9/2/2009 | CA |
| 5  | Baker, James R. | 9/7/2009 | CA |
| 6  | Baptista, Stephanie | 10/20/2009 | CA |
| 7  | Barney, Nancy and Robert M. | 9/1/2009 | CA |
| 8  | Baylis, David J. and Susan M. | 10/25/2009 | CA |
| 9  | Bechtel, Henry W. | 10/27/2009 | CA |
| 10 | Binder, Max | 9/29/2009 | CA |
| 11 | Bogart, John C. | 9/3/2009 | AZ |
| 12 | Bohannan, William and Martha | 9/2/2009 | CA |
| 13 | Boise Central Park, LLC | 10/12/2009 | ID |
| 14 | Brandt, Helen I. | 9/12/2009 | WA |
| 15 | Bugna, Christine | 9/14/2009 | CA |
| 16 | Carpenter, William | 10/22/2009 | CA |
| 17 | Church, Ladonna and Bobby | 10/27/2009 | CO |
| 18 | Clark, George | 9/28/2009 | CA |
| 19 | Colasurdo, James | 10/7/2009 | WA |
| 20 | Collom, Kurt S. and Darlene M. | 9/4/2009 | CA |
| 21 | Colt, Doug | 10/27/2009 | CA |
| 22 | Crawford, Alice | 10/27/2009 | CA |
| 23 | Crisp, Ira | 9/2/2009 | OR |
| 24 | Davey, William and Marcella | 10/13/2009 | CA |
| 25 | De Benedetti, Tom | 10/16/2009 | CA |
| 26 | Dexheimer, Monica | 10/1/2009 | OR |
| 27 | Di Cristina, Marie and Ronald | 9/22/2009 | WA |
| 28 | Dirksen, Josh | 10/27/2009 | OR |
| 29 | Dolan, Karyn Foster | 9/26/2009 | CA |
| 30 | Doty, James and Nancy | 10/2/2009 | ID |
| 31 | Easton, Grant | 8/31/2009 | CA |
| 32 | Etter, Larry and Mary | 9/15/2009 | CO |
| 33 | Farnell, R. Richard | 10/20/2009 | CA |
| 34 | Fernandes, Gary A. | 10/28/2009 | CA |

| | 35 | Feusi, Thomas | 10/27/2009 | CA |
|---|---|---|---|---|
| | 36 | Firth, Sean D. | 10/27/2009 | UT |
| | 37 | Foxley, Cecelia H. | 10/26/2009 | UT |
| | 38 | Frankkamp, Leon H. | 10/27/2009 | CA |
| | 39 | Gilchrist, Jane | 10/27/2009 | CA |
| | 40 | Gregory, Duane | 10/11/2009 | WA |
| | 41 | Guthrie, Sharon and Ed | 8/28/2009 | CA |
| | 42 | Hanson, Clyde A. | 10/17/2009 | ID |
| | 43 | Hara, Kathryn | 10/14/2009 | WA |
| | 44 | Hardt, Robert and Lori | 9/22/2009 | AZ |
| | 45 | Hendrix, Tammy | 9/24/2009 | CA |
| | 46 | Hickam, James L. and Joanne M. | 10/10/2009 | WA |
| | 47 | Hill, Daniel A. | 10/29/2009 | OR |
| | 48 | Holm, Richard F. | 9/25/2009 | CA |
| | 49 | Horell, Carmelita and Archie | 9/18/2009 | WA |
| | 50 | Iker, Gilber H. and Thelma P. | 9/2/2009 | UT |
| | 51 | Inger, Ivan and Jeri | 9/4/2009 | OR |
| | 52 | James, Tommy L. | 9/1/2009 | UT |
| | 53 | Johnson, Andrew and Katherine | 9/24/2009 | CO |
| | 54 | Johnson, Walter and Helen | 9/15/2009 | WA |
| | 55 | Kaeske, Michael and Joanne | 9/16/2009 | UT |
| | 56 | Kaye, Anthony M. | 10/25/2009 | CA |
| | 57 | Kensington-Fair Oaks Associates Joint Venture | 10/15/2009 | CA |
| | 58 | Klein, Arthur | 8/28/2009 | AZ |
| | 59 | Knox, William H. | 10/9/2009 | CO |
| | 60 | Kranser, Leonard | 10/16/2009 | CA |
| | 61 | Krauser, Sheryl and Larry B. | 9/21/2009 | WA |
| | 62 | Laing, Lawrence and Pamela | 10/24/2009 | WA |
| | 63 | Livermore Corners, L.P. | 10/23/2009 | CA |
| | 64 | Livermore Corners, LLC | 10/23/2009 | CA |
| | 65 | Lomagno, Mike | 9/23/2009 | CA |
| | 66 | Loucks, David C. and Sally K. | 10/19/2009 | CA |
| | 67 | Louis, John and Susan K.Rentz | 9/23/2009 | OR |
| | 68 | Ludemann, Mary B. | 9/17/2009 | WY |
| | 69 | Lynchild, Nancy | 9/12/2009 | OR |
| | 70 | Lyons, James E. and Mary Jane | 10/20/2009 | CA |
| | 71 | MacIvor, Evan and Mitsuko | 8/25/2009 | CA |
| | 72 | McCausland, Dave | 10/9/2009 | CA |
| | 73 | McConville, Robert B. and Virginia J. | 10/27/2009 | OR |
| | 74 | McCroy David and Roger Raiche | 10/29/2009 | |

- 2 -

| 75 | Montana, Richard A. and Carmen H. | 9/19/2009 | OR |
|-----|-----|-----|-----|
| 76 | Moore, Chuck | 10/24/2009 | OR |
| 77 | Moore, Jerry | 10/27/2009 | CA |
| 78 | Morris Kenneth E. and Jeanette E. | 10/29/2009 | CA |
| 79 | Morrison, Joseph | 10/26/2009 | CA |
| 80 | Neufeld, Gerald and Gail | 8/31/2009 | OR |
| 81 | Parker, Rick K. | 9/13/2009 | CA |
| 82 | Powell, Daniel and Lynne | 9/1/2009 | CA |
| 83 | Press, Stanley | 9/12/2009 | CA |
| 84 | Quinn, George and Weber, Mary | 10/6/2009 | OR |
| 85 | Reynolds, Douglas | 8/25/2009 | CA |
| 86 | Roberts, Whitney | 10/30/2009 | CA |
| 87 | Rudd, Dorothy | 9/4/2009 | CA |
| 88 | Rusca, John A. | 8/31/2009 | CA |
| 89 | Sage, Russ | 9/2/2009 | CA |
| 90 | Salerno, Darren J. and Constance J. | 10/23/2009 | NV |
| 91 | Sand Bay Isle Homeowners | 10/22/2009 | CA |
| 92 | Schmelzer, Randy | 10/27/2009 | OR |
| 93 | Seikel, John A. and Paula | 9/19/2009 | ID |
| 94 | Smith, Jeffrey D. | 10/29/2009 | CA |
| 95 | Snyder, Bill | 10/15/2009 | AZ |
| 96 | Southern, Richard | 10/27/2009 | CA |
| 97 | Sperling, Sharol | 10/20/2009 | CA |
| 98 | Stevens, Charles D. and Kathleen I | 10/3/2009 | CA |
| 99 | Stone, Robert | 9/13/2009 | CO |
| 100 | Susini, Reginald | 10/5/2009 | CA |
| 101 | Swanson, Art | 8/31/2009 | OR |
| 102 | Sweigart, Ruth | 10/19/2009 | OR |
| 103 | The Tahoe Water World Family Trust | 10/5/2009 | NV |
| 104 | Thornberry, R.C. and Linda | 10/28/2009 | CA |
| 105 | Todd, Ken | 10/10/2009 | CA |
| 106 | Trenner, Susan | 9/1/2009 | CA |
| 107 | Unmack, Frank and Marilyn | 10/22/2009 | CA |
| 108 | Vogt, Axel Lee | 10/15/2009 | CA |
| 109 | Warner, Bruce E. | 10/28/2009 | CA |
| 110 | Waters, Richard X. | 9/30/2009 | CA |
| 111 | Welker, Mary Louise | 10/23/2009 | WA |
| 112 | Wescott, Gordon L. | 10/6/2009 | OR |
| 113 | Wetter, Tom and Gayle | 9/11/2009 | CA |
| 114 | Wexler, Bruce D. and Dana M. | 9/8/2009 | CA |

[SECOND REVISED PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:09-CV-00670-JF

| 115 | Witt, Jack | 8/26/2009 | NV |
| 116 | Woolmington-Smith, Barbara and Craig | 9/2/2009 | CA |
| 117 | Zazzu, Rosalie H. | 9/25/2009 | CA |

- 4 -