1

2                                                    **E-Filed 11/22/2010**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  DEAN MAHAN, J. STEPHEN TISDALE,          Case No. 5:09-cv-00670 JF/PVT
    STEVEN MCKENNA, JOHN FORCELLA,
13  SABRINA W. HASS and DR. LANNY W. HASS,
    AMY DBIONDI-HUFFMAN, and BRIAN          ORDER GRANTING LEAVE TO FILE
14  HATHAWAY,                               CONSOLIDATED COMPLAINT

15                      Plaintiffs,          [Docket No. 163]

16             v.

17  TREX COMPANY, INC.,

18                      Defendant,

19  _____

20  MARK OKANO and SHARON DING, on behalf of
    themselves and all others similarly situated,

21                      Plaintiffs,

22             v.

23  TREX COMPANY, INC., a Delaware Corporation,

24                      Defendant.

25

26      Plaintiffs move to file a consolidated complaint.  Defendant Trex Company, Inc. ("Trex")

27  opposes the motion.  The Court has considered the moving and responding papers and the oral

28  argument of counsel presented at the hearing on November 12, 2010.  For the reasons discussed

1  below, the motion will be granted.

2  **I. BACKGROUND**

3  This action involves allegations that composite decking boards manufactured by Trex are

4  defective.  On September 30, 2008, Plaintiffs Eric Ross, Thomas Mabrey, Jr. and Dianna

5  Spalliero (collectively, the "*Ross* plaintiffs") filed a putative class action complaint against Trex

6  in the Santa Clara Superior Court.  While the original complaint alleged that the boards were

7  defective because of both "flaking" and mold issues, the *Ross* Plaintiffs amended their complaint

8  on January 6, 2009 to delete claims relating to mold.  The *Ross* action was removed to this Court

9  on February 13, 2009.

10  On January 13, 2009, Plaintiffs Mark Okano and Sharon Ding (collectively, the "*Okano*

11  plaintiffs") filed a putative class action complaint against Trex in the Western District of

12  Washington, alleging (1) a violation of the Magnuson-Moss Warranty Act; (2) breach of

13  warranty and violations of Article 2 of the Uniform Commercial Code; and (3) a violation of

14  certain consumer protection statutes.  (Case No. 5:09-cv-1878-JF/PVT, Docket No. 1.)  On

15  March 14, 2009, the *Okano* action was transferred to this Court for purposes of consolidation.

16  On June 9, 2009, the *Okano* plaintiffs filed their first amended complaint, asserting substantially

17  the claims for relief as in their original complaint.  The *Okano* plaintiffs consistently have

18  asserted claims relating both to "flaking" and mold issues.

19  On March 16, 2010, the Court granted final approval of a settlement between the *Ross*

20  plaintiffs and Trex,[1] resolving the claims with respect to "flaking."  (Case No. 5:09-cv-00670-

21  JF/PVT, Docket No. 152.)  The *Ross* plaintiffs were granted leave to amend their complaint to

22  reassert the mold claims, and the *Ross* and *Okano* actions were consolidated.  (*Id.*)  Having

23  settled the "flaking" claims, the *Ross* plaintiffs substituted Dean Mahan, J. Stephen Tisdale,

24  Steven McKenna, John Forcella, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-

25  Huffman, and Brian Hathaway (collectively, the "*Mahan* plaintiffs") as named plaintiffs, and the

26  *Mahan* plaintiffs filed a second amended complaint on March 25, 2010.

27

28  [1] The *Okano* plaintiffs have opted out of this settlement.

2

In their second amended complaint, the *Mahan* plaintiffs alleged the following wrongful conduct: (1) violation of Cal. Civ. Code § 1710; (2) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (3) violation of Cal. Bus. & Prof. Code §§ 17200 and 17500; (4) fraudulent concealment/nondisclosure; (5) fraudulent misrepresentation; (6) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*; (7) violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, § 815 Ill. Comp. Stat. 505/1, *et seq.*; (8) violation of Illinois' Uniform Deceptive Trade Practice Act, § 815 Ill. Comp. Stat. 510/1, *et seq.*; (9) violation of New Jersey's Consumer Fraud Act, N.J. Stat. §§ 56:8-1, *et seq.*; (10) violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1; (11) violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, *et seq.*; (12) tortious breach of warranty; (13) negligent design and failure to warn; (14) violation of Washington's Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq.*; (15) breach of express warranty; (16) breach of implied warranty of merchantability; and (17) unjust enrichment.

The *Okano* and *Mahan* plaintiffs (collectively, the "Consolidated Plaintiffs") now move pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a consolidated complaint, for permission to substitute new plaintiffs in place of Mark Okano and Sharon Ding,[2] and for an instruction that all further pleadings be filed under the caption of the proposed consolidated complaint, (*see* Case No. 5:09-cv-00670-JF/PVT, Docket No. 167, Ex. A).  Consolidated Plaintiffs submitted a proposed consolidated complaint with their moving papers and subsequently submitted a revised proposed consolidated complaint with their reply papers.  To the extent that the proposed consolidated complaint and the revised proposed consolidated complaint assert fewer claims than the *Mahan* Plaintiffs' Second Amended Complaint, Trex contends that the liberal standard of Rule 15(a)(2) is inapplicable and that Consolidated Plaintiffs must seek leave of court pursuant to Fed. R. Civ. P. 23(e).

---

[2]  The Consolidated Plaintiffs seek to substitute Gretchen Silverman, Thomas Schauppner, Marjorie Zachwieja, and Sheila Shapiro in place of Mark Okano and Sharon Ding.

3

## II.  DISCUSSION

Plaintiffs' revised proposed consolidated complaint includes the following counts: (1) violation of the Magnuson-Moss Warranty Act; (2) breach of express warranty and violation of Article 2 of the Uniform Commercial Code; (3) breach of the implied warranty of merchantability; (4) violation of consumer protection statutes of thirty-nine states; (5) fraudulent concealment/nondisclosure; and (6) fraudulent misrepresentation.[3]   Trex points out that this pleading omits previously asserted claims for (1) violation of Cal. Civ. Code § 1710; (2) tortious breach of warranty; (3) negligent design and failure to warn; and (4) unjust enrichment.  Trex contends that Consolidated Plaintiffs effectively are attempting to dismiss several claims voluntarily and thus must comply with Fed. R. Civ. P. 23(e), which requires certain procedures before the Court may approve the settlement, voluntarily dismissal, or compromise of "[t]he claims, issues, or defenses of a certified class."

### A.      Fed. R. Civ. P. 23

Trex relies upon *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), and *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 761 (6th Cir. 2005), for the proposition that Rule 23(e) applies to pre-certification claims brought in a putative class action suit.  At the time *Diaz* was decided, Rule 23 referred "to dismissal or compromise of a 'class action.'  That language . . . at times was . . . read to require court approval of settlements with putative class representatives that resolved only individual claims."  FED. R. CIV. P. 23 (advisory committee note to the 2003 amendments).  However, subsequent to the amendment of Rule 23 in 2003, ". . . [t]he new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise."  *Id.* (emphasis added).  Here, neither of the plaintiff groups has been certified.  While *Doe* was decided after the 2003 amendment went into effect, the court noted that it was applying Rule 23(e) "in its

---

[3]   In addition to the counts asserted in the proposed consolidated complaint, the revised proposed consolidated complaint adds Counts 3, 5, and 6 and includes a reference to § 815 Ill. Comp. Stat. 510/1, *et seq*., "which as inadvertently omitted from the previous filling," (Cons. Pls.' Reply at 4:8-10).

4

1    formulation prior to amendment in December of 2003." *Doe*, 407 F.3d at 761.  The claim at

2    issue in *Doe* initially was filed in 1998, *id.* at 758, well before the amendment to Rule 23.  The

3    relevant claims in this case were filed no earlier than 2008.

4              *Diaz* did note that even where the procedures of Rule 23(e) do not apply automatically,

5    "the court should hold a hearing to 'determine whether the proposed settlement and dismissal are

6    tainted by collusion or will prejudice absent putative members with a reasonable 'reliance'

7    expectation of the maintenance of the action for the protection of their interests.'"  876 F.2d at

8    1407 n. 3 (quoting *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978)).  Under the

9    current version of Rule 23(d)(1), the Court may require notice of "any step in the action" "to

10   protect class members and fairly conduct the action."  Accordingly, this Court has discretion to

11   require notice under Rule 23(e) if there is evidence of collusion or prejudice.

12             With respect to the possibility of collusion, *Shelton* holds that:

13        [a] [d]istrict [c]ourt should conduct a careful inquiry into the terms of the
          settlement, particularly the amount paid the plaintiff in purported compromise of
14        his individual claim and the compensation to be received by plaintiff's counsel,
          in order to insure that, under the guise of compromising the plaintiff's individual
15        claim, the parties have not compromised the class claim to the pecuniary
          advantage of the plaintiff and/or his attorney.
16
17   582 F.2d at 1315.  Here, neither Consolidated Plaintiffs nor their counsel have received

18   compensation from Trex in return for the "dismissal" of the claims at issue, and there is no

19   evidence that the parties have compromised class claims to the pecuniary advantage of

20   Consolidated Plaintiffs or their attorneys.  To the contrary, it appears that Consolidated Plaintiffs

21   seek to "streamline" their claims to aid in the certification process, a course of action that likely

22   will benefit absent putative class members.

23             With respect to "reliance" on the part of absent putative class members, "'[t]he danger of

24   reliance is . . . generally limited to actions that would be considered of sufficient public interest

25   to warrant news coverage of either the public or trade-oriented variety [, and such reliance] can

26   occur only on the part of those persons learning of the action who are sophisticated enough in the

27   ways of the law to understand the significance of the class action allegation.'"  *Id.* at 1314 (citing

28   Malcolm E. Wheeler, *Predismissal Notice and Statutes of Limitations in Federal Class Actions*

1  *After American Pipe and Construction Co. v. Utah*, 48 S. CAL. L. REV. 771, 804-05 (1975)).

2  There is no evidence that the instant case has garnered significant news coverage, either of the

3  public or of the trade-oriented variety, or that any putative class members have relied to their

4  detriment on the existence of the action.

5  **B.     Fed. R. Civ. P. 15(a)(2)**

6          Under Fed. R. Civ. P. 15(a)(2), leave to amend a pleading before trial should be "freely

7  give[n] …when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit, this policy is

8  applied with "extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712

9  (9th Cir. 2001) (citation omitted).  When considering whether to grant leave to amend, a district

10  court may consider four factors: (1) existence of bad faith; (2) whether the amendment will cause

11  undue delay; 3) prejudice to the opposing party; and (4) futility.  *Id.*  Undue delay on its own

12  does not justify denial of a motion for leave to amend.  However, if undue delay is accompanied

13  by prejudice to the defendant, denial of a motion for leave to amend may be justified.  *See, e.g.*,

14  *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999).  In the absence of prejudice or other

15  negative factors, the party opposing the motion to amend has the burden of showing why

16  amendment should not be permitted.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187

17  (9th Cir. 1987).

18          There is no evidence that Consolidated Plaintiffs are acting in bad faith or that the revised

19  proposed consolidated complaint will cause undue prejudice to Trex.  Nor is there evidence that

20  the revised proposed consolidated complaint will cause undue delay; in fact, the simplified

21  claims may expedite the action.  Finally, while Trex asserts that attempting to simplify the claims

22  for purposes of the certification process will be futile because individual issues still predominate

23  over the remaining claims, it would be premature of the Court to comment on the merits of a

24  class certification motion that has not been filed.  On the whole, it appears that the revised

25  proposed consolidated complaint "may benefit both the court and the parties by expediting

26  pretrial proceedings, avoiding duplication and harassment of parties and witnesses, and

27  minimizing expenditure of time and money by all persons concerned."  *In re Equity Funding*

28  *Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citing *Garber v. Randell*, 477

6

1  F.2d 711, 714 (2 Cir. 1973)).

2  **III.  CONCLUSION**

3  Good cause therefor appearing, the instant motion will be granted.  Consolidated

4  Plaintiffs may substitute Gretchen Silverman, Thomas Schauppner, Marjorie Zachwieja, and

5  Sheila Shapiro in place of Mark Okano and Sharon Ding, and the revised proposed consolidated

6  complaint, (Case No. 5:09-cv-00670-JF/PVT, Docket No. 167, Ex. A), shall be deemed filed as

7  of the date of this order.  Future pleadings should be filed under the caption of that complaint.

8

9  IT IS SO ORDERED.

10

11  Dated: 11/22/ 2010

12  _____
   JEREMY FOGEL
   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7