| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: 206.623.7292<br>Facsimile: 206.623.0594<br><br>Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>Tyler S. Weaver (*pro hac vice*)<br>tyler@hbsslaw.com<br>Robert F. Lopez (*pro hac vice*)<br>robl@hbsslaw.com<br><br>Attorneys for Select Plaintiffs and Lead Counsel for the Proposed Class | K&L GATES LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111-5994<br>Telephone: 415.882.8200<br>Facsimile: 415.822-8220<br><br>Patrick J. Perrone (*pro hac vice*)<br>patrick.perrone@klgates.com<br>Todd L. Nunn (*pro hac vice*)<br>todd.nunn@klgates.com<br><br>Attorneys for Defendant Trex Company, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DEAN MAHAN, GRETCHEN SILVERMAN, J. STEPHEN TISDALE, STEVEN MCKENNA, THOMAS SCHAUPPNER, MARJORIE ZACHWIEJA, JOHN FORCELLA, SHEILA SHAPIRO, SABRINA W. HASS and DR. LANNY W. HASS, AMY BIONDI-HUFFMAN, and BRIAN HATHAWAY, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>TREX COMPANY, INC., a Delaware corporation,<br><br>                  Defendant. | Case No. CV 09-00670-JF<br><br>**STIPULATED PROTECTIVE ORDER** |

**RECYCLED PAPER**

This Stipulated Protective Order is entered into by and between Plaintiffs Dean Mahan, Gretchen Silverman, J. Stephen Tisdale, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman , and Brian Hathaway, and Defendant Trex Company, Inc. (the "Parties"), by and through their respective counsel of record, because discovery in this case may result in the production and exchange of information and documents that one or more Parties contend are confidential, proprietary, trade secret or other private information.

The parties acknowledge that the purpose of this Stipulated Protective Order is not to confer blanket protections on all disclosures or responses to discovery, but rather to protect information that is entitled under the applicable legal principles to treatment as confidential.

THEREFORE, the Parties, by and through their respective counsel, HEREBY STIPULATE, AGREE AND JOINTLY REQUEST, that a protective order be entered to govern pretrial proceedings in this action according to the following terms and provisions:

**1.  Application of this Protective Order.**  This Stipulated Protective Order shall apply equally to all documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information (all such materials and information shall be referred to as "Information") produced by any party (or third-party) in connection with this case, and designated by any party as "Confidential" as set forth below.

**2.  Designation.**  Any party may designate as "Confidential" any Information which that party considers in good faith to contain information that should be so designated.  To designate a document or other material as "Confidential," a party or counsel for a party shall stamp the document or other material with the phrase, "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  In lieu of marking the originals if only copies are to be distributed, the copies that are produced or exchanged shall be marked.  Where a document consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. Each party that designates Information for protection under this Order must take care to limit any such designation to the specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of documents, discovery responses, testimony, or

other information that qualify – so that other portions of said documents, discovery responses, testimony, or other information for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a party's attention that Information that is designated for protection does not qualify for protection at all, and the party agrees that said Information does not qualify for protection at all, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

**3.     Use of "Confidential" Documents and Information.**  Except with the prior written consent of the party originally designating a document as Confidential, or as hereinafter provided under this Protective Order, no documents or information designated as "Confidential Pursuant To Protective Order" (hereinafter and after referred to as "Confidential Information") shall be shown to anyone other than:

a)     The Parties in the litigation entitled *Dean Mahan v. Trex Co. Inc.,* United States District Court, Northern District of California, Case No. CV 09-00670-JF (the "*Mahan* Action" or "this litigation");

b)     Counsel of record for the Parties in the *Mahan* Action;

c)     Any representative, employee, or agent of the Parties in this litigation, where that representative, employee, or agent is working on this litigation with outside counsel;

d)     Any representative of any insurer against whom any party seeks coverage for claims arising from this litigation, where that representative is working on this litigation;

e)     Administrative and clerical employees of any of the persons identified in subparagraphs (a), (b), (c), and (d), in connection with their work on this litigation;

f)     Any authors of the Confidential Information or persons who received, or had access to, the Confidential Information in the ordinary course of business prior to the filing of this litigation;

g)     Professional photocopy or document services, as directed by persons identified in subparagraphs (a), (b), (c), (d), and (e), in connection with their work on this litigation;

h)     Outside consultants or expert witnesses retained in this litigation who are not employees of a party or of an affiliate of a party, provided that any such consultant or expert witness has first executed a copy of Exhibit A before being shown or given any Confidential Information;

  i)  The Court and court personnel, consistent with the provisions for filing Court materials under seal as set forth in paragraph 7 of this Order;

  j)  Percipient witnesses and their attorneys at, or in preparation for, deposition or other testimony in this litigation, where examining counsel has a good faith basis for believing that the witness or deponent has information or testimony pertinent to the Confidential Information, provided that any such witness and their attorney has first executed a copy of Exhibit A before being shown or given any Confidential Information; and

  k)  Court reporters and any persons involved in recording deposition testimony in this litigation.

  **4.**  **No Disclosure of Confidential Information or Derivative Materials to Others.** Persons who, by virtue of this litigation, and consistent with the procedures provided under this Protective Order, acquire knowledge of Confidential Information, shall not disclose or permit the disclosure of it or of any information obtained, derived, compiled, or ascertained therefrom, to any person who is not entitled to receive such information under this Protective Order. Confidential Information may be used in connection with this litigation, and shall not be used for any business, proprietary or commercial purpose, or for any other purpose; *provided*, *however*, that the party from whom Confidential Information originates may use its own Confidential Information for any purpose.

  **5.**  **Challenges to "Confidential" Designation.**

  a)  **Procedure for Challenge.** If a party contends that any material designated as "Confidential" is not entitled to Confidential treatment, such party may at any time give written notice to the party who designated the material, specifically identifying the challenged material. The designating party, by its counsel, shall respond in writing within 10 (ten) court days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreement of the parties. If the designating party in its written response refuses to remove the Confidential designation, its response shall state the reasons for this refusal. If after service of such written response the parties continue to disagree as to whether the material is entitled to Confidential treatment, then they shall meet and confer with respect to the challenged designation. If following their conference the parties continue to disagree, then the designating party shall file a motion with

the Court for a ruling that the material stamped Confidential is entitled to such status and protection. If such motion is made, the parties shall fully comply with the terms of this Order with respect to the Confidential Information at issue, unless and until the party who claims that the material is Confidential withdraws such designation in writing, or the Court orders that the material is not entitled to such protection. Failure of the designating party to provide a timely (as defined in this subparagraph) written response to a written notice challenging the designation of any material as Confidential shall be deemed a withdrawal of the Confidential designation as to that material.

      **b)** **Lack of Designation Not To Be Substantive Evidence.** The fact that a party does not object to the designation of material as Confidential Information or does not move to require that the designation be withdrawn shall not be an indication that the party agrees that the information is in fact confidential, proprietary, or otherwise private information, and no party shall use the fact either (i) that a party does not object to the designation of material as Confidential Information, or (ii) that the party does not move to require that the designation be withdrawn as substantive evidence that the party agreed that the information is in fact confidential, proprietary, or otherwise private information. Similarly, neither party shall use the fact that a party does not designate material as Confidential Information under this Protective Order as substantive evidence that the material is not in fact confidential, proprietary, or otherwise private information.

      **6.** **Confidential Information in Depositions.**

      a) A party may designate information disclosed during a deposition or in response to discovery requests as Confidential Information by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party may designate in writing, within twenty (20) days after receipt of said response or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. In such circumstances, counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

      b) Confidential Information may be disclosed during any deposition in this action to any third-party witness or third-party witness's attorney entitled to access to such information under this

Order, if such third-party witness or attorney first executes a copy of Exhibit A. If such third-party witness or third-party witness's attorney refuses to execute a copy of Exhibit A, and any party objects to the disclosure of Confidential Information to that witness or attorney, Confidential Information shall not be disclosed to that witness or attorney until the dispute has been resolved. If, in the course of the deposition, Confidential Information is disclosed and a third-party witness is asked if he or she agrees to be bound by the terms of the Protective Order, and he or she does not so agree, then neither that witness nor his or her counsel, if any, may be given any copy of or retain the Confidential Information, including, but not limited to, a copy of any pages of the transcript of the deposition that are designated Confidential Information, though during the deposition that witness and his or her counsel, if any, must be shown and allowed to review a copy of any document marked Confidential if he or she is to be examined on or with respect to it. In the event of such refusal by the third-party witness, the reporter shall be instructed to give that witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed. The witness will be permitted to review the deposition transcript and exhibits at the reporter's office but shall not be permitted to retain a copy of portions of the deposition transcript or exhibits that have been designated as Confidential Information.

  c) If a person other than the witness and his or her attorney is present at a deposition at which Confidential Information is to be elicited or disclosed, and such person is not entitled to access to such information under the terms of the Order, that person shall not be permitted to be present while Confidential Information is elicited or disclosed during the deposition without the consent of all parties.

  **7.** **Filing of Documents Under Seal.**

  All pleadings, motions, briefs, memoranda, or other filings or lodgings with the Court which incorporate, disclose, or contain Confidential Information shall be made in accordance with Civil Local Rule 79-5 and General Order No. 62 of this Court.

**8.     Subpoena by Other Courts or Agencies.** If at any time any Confidential Information governed by this Order is subpoenaed by a court, administrative or legislative body, or by any person or entity purporting to have authority to require the production of such information, the party to whom the subpoena is directed shall immediately give written notice thereof to any person who has designated such information as Confidential Information.  After receipt of the notice specified under this paragraph, the party seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Confidential Information.  Unless a court orders otherwise, the party to whom the subpoena is directed shall not produce any Confidential Information until the party seeking to maintain confidentiality has had an opportunity to seek an appropriate order.  If the party seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party), or give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed within the time allowed for production by the subpoena, the party to whom the subpoena or other request is directed may commence production in response thereto.  The party to whom the subpoena is directed shall not produce any Confidential Information while a motion for a protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review or such motion is pending, unless ordered by a court to do so.

**9.     Inadvertent Disclosure.**

a)     If a party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error.  In such circumstances, upon learning of the mistake, the party asserting confidentiality shall promptly notify the other parties of the fact that such document or material should have been designated as Confidential, and the parties will meet and confer in order to ensure that the document or material is properly marked.  Upon receipt of oral or written notice of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information under paragraph 3 above, as well as

copies made by such persons.  Any oral notice shall be confirmed in writing within 48 hours of such oral notice.

      b)     If Confidential Information, properly marked as such, is disclosed, through inadvertence or otherwise, in contravention of the terms of this Order, counsel for the party who made the disclosure shall use reasonable best efforts to bind the person or persons to whom Confidential Information is disclosed to this Protective Order by requesting that such person execute a copy of Exhibit A.  Counsel shall also immediately inform opposing counsel of the disclosure and surrounding circumstances.  In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall apply to do so, the responding person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The parties and any other persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order.

      c)     If a party inadvertently produces a document that it later discovers or in good faith asserts to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges.  In such circumstances, the producing party shall immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials.  Within five (5) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof.  No use shall be made of such inadvertently produced documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  The party receiving such inadvertently produced documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefor the fact or circumstances of the inadvertent production.

      **10.**     **Modification Permitted.**  Nothing in this Protective Order shall prevent any person from seeking modification of this Protective Order or from objecting to discovery that it believes to

be otherwise improper. The parties agree to meet and confer in good faith before raising such requests for modification to the Court.

    **11.**    **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information.

    **12.**    **Reservation of Rights.** Nothing contained in this Protective Order and no actions taken pursuant to this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought by any party, and producing or receiving Confidential Information, or otherwise complying with the terms of this Stipulated Protective Order, shall not:

    a)    Prejudice the rights of any party to object to the production of documents it considers not subject to discovery;

    b)    Prejudice, limit or affect in any way the privacy rights of any party, or any party's employee, representative, or agent;

    c)    Prejudice the rights of any party to object to authenticity or admissibility of any document, testimony or evidence subject to this Stipulated Protective Order;

    d)    Prejudice the rights of any party to apply to this Court for a further protective order relating to any Confidential Information; or

    e)    Prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Information and to seek Court approval for such modification, if necessary.

    **13.**    **Alternative Source.** Nothing in this Stipulated Protective Order shall be deemed to render Confidential any Information that a non-designating party obtains lawfully from an alternative source (*i.e.*, from a source for which no Confidential designation is made pursuant to this Stipulated Protective Order).

    **14.**    **Return of Confidential Information.** Within forty-five (45) days after termination of this litigation, including any appeals therefrom, all parties and other persons to whom Confidential

Information has been disclosed shall return all Confidential Information to the producing party, including all copies, or confirm in writing to the producing party that it has been destroyed.

**15.    Stipulated Protective Order To Be Binding.** This Stipulated Protective Order shall, subject to Court approval, be binding upon the parties upon the signature of their counsel hereto, and each party agrees to comply with its terms and to be bound thereby.

**16.    Meet and Confer.** If any dispute arises in connection with this Protective Order, the parties shall first meet and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute informally, any party may bring the dispute before the Court for resolution.

**17.    Retention of Jurisdiction To Enforce Protective Order.** The obligations created by this Protective Order shall survive the termination of these proceedings unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of the proceeding, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

DATED: February 25, 2011                HAGENS BERMAN SOBOL SHAPIRO LLP


By     /s/ Robert F. Lopez
        Steve W. Berman
        Tyler S. Weaver
        Robert F. Lopez

*Attorneys for Select Plaintiffs and Lead Counsel for the Proposed Class*

DATED: February 25, 2011                K&L GATES LLP


By:    /s/ Patrick J. Perrone
        Patrick J. Perrone
        Todd L. Nunn

*Attorneys for Defendant Trex Company, Inc.*

1  **IT IS SO ORDERED:**

2      The forgoing Stipulation for Protective Order, having been reviewed and approved,

3      IT IS HEREBY ORDERED that the Parties and all persons who may execute an Exhibit A

4  thereto shall comply with the terms set forth therein.

6  Dated <u>March 10, 2011</u>           *[signature]*
                                            Honorable Paul. S. Grewal
                                            United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court in the case of *Dean Mahan, et al. v. Trex Company, Inc.,* United States District Court, Northern District of California, San Jose Division, Case No. CV 09-00670-JF. I agree to comply with and be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the USDC, Northern District of California, San Jose Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____



K:\1303793\00005\21451_TLN\21451P2190