| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: 206.623.7292<br>Facsimile: 206.623.0594 | K&L GATES LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111-5994<br>Telephone: 415.882.8200<br>Facsimile: 415.822-8220 |
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>Tyler S. Weaver (*pro hac vice*)<br>tyler@hbsslaw.com<br>Robert F. Lopez (*pro hac vice*)<br>robl@hbsslaw.com | Patrick J. Perrone (*pro hac vice*)<br>patrick.perrone@klgates.com<br>Todd L. Nunn (*pro hac vice*)<br>todd.nunn@klgates.com<br>Attorneys for Defendant Trex Company, Inc. |
| Attorneys for Select Plaintiffs and Lead Counsel for the Proposed Class | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MAHAN, GRETCHEN SILVERMAN, J. STEPHEN TISDALE, STEVEN MCKENNA, THOMAS SCHAUPPNER, MARJORIE ZACHWIEJA, JOHN FORCELLA, SHEILA SHAPIRO, SABRINA W. HASS and DR. LANNY W. HASS, AMY BIONDI-HUFFMAN, and BRIAN HATHAWAY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TREX COMPANY, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 09-00670-JSW<br><br>**STIPULATION AND [<s>PROPOSED</s>] ORDER REQUESTING REVISION OF SCHEDULE AS IT PERTAINS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Per the Civil Standing Orders of the Honorable Jeffrey S. White, to whom this case was recently re-assigned, plaintiffs Dean Mahan, Gretchen Silverman, J. Stephen Tisdale, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and Brian Hathaway, and defendant Trex Company, Inc. ("Trex"), by and through their respective counsel of record, stipulate, and respectfully ask the Court, to extend the deadlines relating to plaintiffs' motion for class certification.

Currently, as reflected in the Court's order filed on October 12, 2011 (Dkt. No. 193), which extended the previous class-certification schedule per the stipulated request of the parties, due to the timing of Trex's document production, those deadlines are as follows:

> Motion for class certification: January 6, 2012;
>
> Opposition to class certification: February 6, 2012, with a reservation of the right to seek an extension of this deadline if needed to conduct discovery for issues raised in the Motion for Class Certification;
>
> Reply in support of class certification: February 21, 2012, with potential extension if Opposition date is extended;
>
> Hearing on motion for class certification: March 23, 2012, at 9:00 a.m.

The parties have met and conferred regarding the schedule in light of discovery issues, as explained below, and they hereby stipulate and request that the Court adjust the briefing schedule by two weeks as follows:

> Motion for class certification: January 20, 2012;
>
> Opposition to class certification: February 20, 2012, with a reservation of the right to seek an extension of this deadline if needed to conduct discovery for issues raised in the Motion for Class Certification;
>
> Reply in support of class certification: March 5, 2012, with potential extension if Opposition date is extended;
>
> Hearing on motion for class certification: March 23, 2012 at 9:00 a.m., or as convenient for the Court.

In order to establish good cause for the approval of their request, the parties state the following:

1

**STIPULATION AND [PROPOSED] ORDER REQUESTING REVISION TO CLASS CERTIFICATION SCHEDULE**
**Case No. CV 09-00670-JSW**

1.      This case is a proposed nationwide class-action lawsuit involving plaintiffs' allegations relating to mold and spotting on Trex decking material.  Plaintiffs and proposed class representatives reside in the states of California, Connecticut, Florida, Illinois, Maryland, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington.  No specific trial date has yet been ordered by the Court.

2.      Plaintiffs propounded their first discovery requests, including their first interrogatories and requests for production, to defendant Trex on March 18, 2011.  Trex's most recent production was on September 29, 2011.  Trex has advised that its September 29, 2011 installment completes its production in response to plaintiffs' first requests for production.

3.      On November 3, 2011, following further review of Trex's documents, including those produced at the end of September 2011, plaintiffs propounded a 30(b)(6) notice to Trex.  Among the topics are technical matters regarding Trex's manufacturing processes and product ingredients and additives.  The parties expect the deposition to produce information relevant to plaintiffs' motion for class certification.

4.      Trex has advised that it intends to produce two current-employee witnesses in response to plaintiffs' notice.  Counsel for the plaintiffs and counsel for Trex have met and conferred several times regarding the scheduling of the depositions of these two witnesses.  Counsel for Trex, in turn, has consulted with his client and these witnesses, and he has advised that due to scheduling conflicts and the holidays, these witnesses will not be available for their depositions until December 28-29, 2011.  This is only a little over a week before January 6, 2012, when plaintiffs' motion for class certification is currently due, and a few days before the New Year's Day holiday, which would not allow the plaintiffs to obtain the transcripts of the depositions and then to review and analyze the material in time to process the information and incorporate it into their class-certification brief as needed.

5.      As stated above, the parties agree that the depositions will generate information relevant to plaintiffs' motion for class certification.  Accordingly, the parties agree that more time is needed before plaintiffs file their motion for class certification, so that plaintiffs can depose these two

witnesses and process the information learned in them in order to incorporate it into their class-certification briefing.

For the foregoing reasons, the parties submit that there is good cause to revise the schedule for plaintiffs' motion for class certification as requested. Their request is for a short extension of only 14 days in which to continue working toward a decision on class certification. They ask respectfully that the Court accept the revised schedule they submit.

DATED: December 12, 2011.          HAGENS BERMAN SOBOL SHAPIRO LLP


By    /s/ Robert F. Lopez
    Steve W. Berman
    Tyler S. Weaver
    Robert F. Lopez

*Attorneys for Select Plaintiffs and Lead Counsel for the Proposed Class*

DATED: December 12, 2011.          K&L GATES LLP


By:    /s/ Patrick J. Perrone
    Patrick J. Perrone
    Todd L. Nunn

*Attorneys for Defendant Trex Company, Inc.*

1 **[PROPOSED] ORDER**

2     The foregoing Stipulation having been reviewed, and good cause appearing therefor, the
3 requested scheduling change is hereby ORDERED and approved.  The schedule as it pertains to
4 plaintiffs' motion for class certification is revised as follows:

6     Motion for class certification: January 20, 2012;

7     Opposition to class certification: February 20, 2012, with a reservation of the right to seek an extension of this deadline if needed to conduct discovery for
8     issues raised in the Motion for Class Certification;

9     Reply in support of class certification: March 5, 2012, with potential extension if Opposition date is extended;

11    Hearing on motion for class certification: March 23, 2012 at 9:00 a.m., or as convenient for the Court.

14    Dated: December 13, 2011                    _Jeffrey S. White_
15                                                Honorable Jeffrey S. White
                                                  United States District Judge

4

**STIPULATION AND [PROPOSED] ORDER REQUESTING REVISION TO
CLASS CERTIFICATION SCHEDULE
Case No. CV 09-00670-JSW**