HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206.623.7292
Facsimile: 206.623.0594

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
Tyler S. Weaver (*pro hac vice*)
tyler@hbsslaw.com
Robert F. Lopez (*pro hac vice*)
robl@hbsslaw.com

Attorneys for Select Plaintiffs and Lead Counsel for the Proposed Class

K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: 415.882.8200
Facsimile: 415.822-8220

Patrick J. Perrone (*pro hac vice*)
patrick.perrone@klgates.com
Todd L. Nunn (*pro hac vice*)
todd.nunn@klgates.com

Attorneys for Defendant Trex Company, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MAHAN, GRETCHEN SILVERMAN, J. STEPHEN TISDALE, STEVEN MCKENNA, THOMAS SCHAUPPNER, MARJORIE ZACHWIEJA, JOHN FORCELLA, SHEILA SHAPIRO, SABRINA W. HASS and DR. LANNY W. HASS, AMY BIONDI-HUFFMAN, and BRIAN HATHAWAY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TREX COMPANY, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 09-00670-JSW<br><br>**STIPULATION AND [PROPOSED] ORDER REQUESTING REVISION OF CASE SCHEDULE TO ALLOW PARTIES TO MEDIATE** |

**STIPULATION AND [PROPOSED] ORDER REQUESTING REVISION TO
CASE SCHEDULE TO ALLOW PARTIES TO MEDIATE
Case No. CV 09-00670-JSW**

Per the Civil Standing Orders of the Honorable Jeffrey S. White, plaintiffs Dean Mahan, Gretchen Silverman, J. Stephen Tisdale, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and Brian Hathaway, and defendant Trex Company, Inc. ("Trex"), by and through their respective counsel of record, stipulate and respectfully ask the Court to defer briefing, hearing, and decision on plaintiffs' motion for class certification, and to defer hearing and decision on Trex's motion to transfer venue, so that the parties can attempt in good faith to settle this matter via mediation.

Currently, as reflected in the Court's order filed on December 13, 2011 (Dkt. No. 216), which extended the previous class-certification schedule per the stipulated request of the parties due to the unavailability of two Trex 30(b)(6) deposition witnesses until December 29, 2011, deadlines related to class certification are as follows:

Motion for class certification: January 20, 2012;

Opposition to class certification: February 20, 2012, with a reservation of the right to seek an extension of this deadline if needed to conduct discovery for issues raised in the Motion for Class Certification;

Reply in support of class certification: March 5, 2012, with potential extension if Opposition date is extended;

Hearing on motion for class certification: March 23, 2012, at 9:00 a.m.

In addition, currently pending and set for hearing at 9:00 a.m. on March 16, 2012, is Trex's opposed motion to transfer this matter to the Western District of Virginia. That motion was filed on November 23, 2011, and briefing is complete.

This week, the parties met and conferred regarding the possibility of settling this matter. They agreed that now would be an opportune time to pursue settlement in a more formal setting, with the assistance of a private mediator. Accordingly, they ask that the Court suspend briefing and hearing of plaintiffs' motion for class certification and that it reserve ruling on Trex's motion to transfer until the parties mediate, which they have agreed to do as soon as reasonably possible.

More specifically, and with the aims of moving forward as expeditiously as reasonably possible and keeping the Court apprised of their activities and progress, the parties agree-to and propose the following schedule:

Selection of private mediator by mutual agreement: January 27, 2012;

Mediation: by March 30, 2012, or as soon thereafter as the parties' mutually selected mediator is available for mediation;

Report to the Court of results of mediation: within five (5) court days following the end of mediation;

If the parties have reached a settlement as to class claims, they will propose a schedule to the Court for preliminary approval of their proposed settlement with their report of the results of mediation (*i.e.*, within five (5) court days following the end of mediation);

If, on the other hand, the parties are unable to settle the case via mediation in spite of their best, good-faith efforts, then the parties will ask that the Court re-note for hearing Trex's motion for transfer and that the schedule for briefing and hearing of plaintiffs' motion for class certification be established as follows:

Motion for class certification: due within 14 days of the date on which the Court rules on the motion for transfer. Depending on the Court's ruling on the motion to transfer, the motion and brief will be filed either in the Northern District of California or the Western District of Virginia (if the Court transfers the case to the Western District of Virginia, then plaintiffs' motion and brief will be due within 14 days of the date on which the Court rules on the motion to transfer, or as soon thereafter as the transferee court permits their filing);

Opposition to class certification: due within 30 days of plaintiffs' filing their motion for class certification, with a reservation of the right to seek an extension of this deadline if needed to conduct discovery for issues raised in the motion for class certification;

Reply in support of class certification: due within 14 days of the filing of Trex's opposition papers, with potential extension if Opposition date is extended;

Hearing on motion for class certification: at the Court's earliest convenience, in accordance with the Court's scheduling rules.

In order to establish good cause for the approval of their request, the parties state the following:

1. This case is a proposed nationwide class-action lawsuit involving plaintiffs' allegations relating to mold and spotting on Trex decking material. Plaintiffs and proposed class representatives reside in the states of California, Connecticut, Florida, Illinois, Maryland, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. No specific trial date has yet been ordered by the Court.

2. Plaintiffs propounded their first discovery requests, including their first interrogatories and requests for production, to defendant Trex on March 18, 2011. Trex's most recent document production was on September 29, 2011.

3. On November 3, 2011, following further review of Trex's documents, including those produced at the end of September 2011, plaintiffs propounded a 30(b)(6) notice to Trex. Among the topics were technical matters regarding Trex's manufacturing processes and product ingredients and additives. As the parties previously apprised the Court, they expected the deposition to produce information relevant to plaintiffs' motion for class certification.

4. Trex advised the plaintiffs that it intended to produce two current-employee witnesses in response to plaintiffs' notice. Trex further advised that due to scheduling conflicts and the holidays, these witnesses would not be available for their depositions until December 28-29, 2011. Because this was only a little over a week before January 6, 2012, when plaintiffs' motion for class certification was then due, and only a few days before the New Year's Day holiday, such that plaintiffs would not have had time to obtain the transcripts of the depositions and then to review and analyze the material in order to incorporate it into their class-certification brief as needed, the parties sought and obtained an extension of the briefing schedule on class certification. Thus, plaintiffs' motion is currently due on January 20, 2012.

5. Since obtaining this extension, plaintiffs deposed Trex's two 30(b)(6) witnesses on December 29, 2011. In addition, Trex served answers to plaintiffs' second interrogatories on December 27, 2011. Further, two third parties produced materials in response to plaintiffs' subpoenas in late December 2011 and early January 2012.

6. Additionally, Trex filed a motion to transfer this matter to the Western District of Virginia on November 23, 2011. Plaintiffs filed their response in opposition to Trex's motion on

1  December 7, 2011.  Trex filed its reply on December 14, 2011.  As noted above, Trex's motion is
2  currently noted for hearing on March 16, 2012.
3      7.    The parties now wish to enter mediation in order to attempt to settle this matter.
4      For the foregoing reasons, the parties submit that there is good cause to revise the schedule as
5  requested, so that they can attempt in good faith to settle this matter via mediation.  They ask
6  respectfully that the Court accept the revised schedule they submit.

DATED: January 17, 2012.          HAGENS BERMAN SOBOL SHAPIRO LLP


                                  By     /s/ Robert F. Lopez
                                       Steve W. Berman
                                       Tyler S. Weaver
                                       Robert F. Lopez

                                  *Attorneys for Select Plaintiffs and Lead Counsel*
                                  *for the Proposed Class*

DATED: January 17, 2012.          K&L GATES LLP


                                  By:    /s/ Patrick J. Perrone
                                       Patrick J. Perrone
                                       Todd L. Nunn

                                  *Attorneys for Defendant Trex Company, Inc.*

4
**STIPULATION AND [PROPOSED] ORDER REQUESTING REVISION TO**
**CASE SCHEDULE TO ALLOW PARTIES TO MEDIATE**
**Case No. CV 09-00670-JSW**

## [~~PROPOSED~~] ORDER

The foregoing Stipulation having been reviewed, and good cause appearing therefor, the requested scheduling change is hereby ORDERED and approved. In order that the parties may attempt in good faith to settle this matter via mediation, the case schedule is revised as follows:

Hearing and decision on defendant's motion to transfer is deferred as stated below;

Briefing, hearing, and decision on plaintiffs' motion for class certification is deferred as stated below;

Deadline to select private mediator by mutual agreement: January 27, 2012;

Mediation: by March 30, 2012, or as soon thereafter as the parties' mutually selected mediator is available for mediation;

Report to the Court of results of mediation: within five (5) court days following the end of mediation;

If the parties have reached a settlement as to class claims, they will propose a schedule to the Court for preliminary approval of their proposed settlement with their report of the results of mediation (*i.e.*, within five (5) court days following the end of mediation);

If, on the other hand, the parties are unable to settle the case via mediation in spite of their best, good-faith efforts, then the parties will ask that the Court re-note for hearing Trex's motion for transfer. In addition, in the event the parties are unable to settle the case via mediation in spite of their best, good-faith efforts, the schedule for briefing and hearing of plaintiffs' motion for class certification is established as follows:

Motion for class certification: due within 14 days of the date on which the Court rules on the motion for transfer. Depending on the Court's ruling on the motion to transfer, the motion and brief will be filed either in the Northern District of California or the Western District of Virginia (if the Court transfers the case to the Western District of Virginia, then plaintiffs' motion and brief will be due within 14 days of the date on which the Court rules on the motion to transfer, or as soon thereafter as the transferee court permits their filing);

Opposition to class certification: due within 30 days of plaintiffs' filing their motion for class certification, with a reservation of the right to seek an extension of this deadline if needed to conduct discovery for issues raised in the motion for class certification;

Reply in support of class certification:  due within 14 days of the filing of Trex's opposition papers, with potential extension if Opposition date is extended;

Hearing on motion for class certification:  at the Court's earliest convenience, in accordance with the Court's scheduling rules.

Dated: January 18, 2012

_____
Honorable Jeffrey S. White
United States District Judge
by Honorable James Ware

**STIPULATION AND [PROPOSED] ORDER REQUESTING REVISION TO
CASE SCHEDULE TO ALLOW PARTIES TO MEDIATE
Case No. CV 09-00670-JSW**