**United States District Court**
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   ERIC ROSS, et al,
10          Plaintiff,                          No. C 09-00670 JSW
11   v.
12   TREX COMPANY, INC.,                        **ORDER GRANTING MOTIONS**
                                                **TO ENFORCE SETTLEMENT**
13          Defendant.
                                          /
14
15          Now before the Court are motions filed by defendant Trex Company, Inc. ("Trex") to

16   enforce the judgment entered by this Court and to enjoin the actions filed in state court by

17   William Clark ("Clark") and McCormick Pier Condominium Association ("McCormick Pier").

18   The Court finds these motions suitable for disposition without oral argument. *See* N.D. Civ.

19   L.R. 7-1(b). Accordingly, the hearing set for March 8, 2013 is HEREBY VACATED. Having

20   considered the parties' papers, relevant legal authority, and the record in this case, the Court

21   grants the Trex motions and enjoins the state court actions.

22                                      **BACKGROUND**

23          On April 7, 2010, this Court approved a class action settlement regarding claims

24   alleging surface flaking defect in decking products manufactured by defendant Trex Company,

25   Inc. ("Trex"). The approval of the class action settlement and judgment included a permanent

26   injunction barring any class member from filing suit based on any released claims. Both Clark

27   and McCormick Pier have filed actions in state court which are covered by the settlement. In

28   the settlement approved by the Court and the judgment, the Court retained jurisdiction to

1    enforce the settlement and injunction.  The issue presented here is whether Clark and

2    McCormick were provided adequate notice of the settlement and an opportunity to opt-out of

3    the class action settlement in accordance with Due Process.

4         The Court will address additional facts as necessary in the remainder of this order.

5                                        **ANALYSIS**

6         McCormick Pier did not file any opposition to the motion to enforce judgment.  Clark

7    did oppose the motion filed against him.  He does not dispute that res judicata would bar his

8    action in state court if the notice provided was sufficient to satisfy the requirements of due

9    process.  Clark simply contends that the notice provided was not sufficient.

10        "[A] judgment in a properly entertained class action is binding on class members in any

11   subsequent litigation."  *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874

12   (1984).  "Indeed, the 'central purpose of each of the various forms of class action is to establish

13   a judgment that will bind not only the representative parties but also all nonparticipating

14   members of the class certified by the court.'"  *Roussel v. Wells Fargo Bank*, 2012 WL 5301909,

15   *3 (N.D. Cal. Oct. 25, 2012) (citing 18A Wright et al., Federal Practice and Procedure:

16   Jurisdiction § 4455, at 448 (2d ed. 2002)).

17        However, in order to bind absent class members, due process requires that they received

18   adequate notice.  Here, it is undisputed that Clark did not receive actual notice.  However,

19   actual notice is not required.  *See e.g.*, *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53,

20   56-57 (1st Cir. 2004) ("After such appropriate notice is given, if the absent class members fail

21   to opt out of the class action, such members will be bound by the court's actions, including

22   settlement and judgment, even though those individuals never actually received notice."); *see*

23   *also In re Prudential Ins. Co. of Amer. Sales Prac. Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997)

24   ("Courts have consistently recognized that due process does not require that every class

25   member receive actual notice so long as the court reasonably selected a means likely to appraise

26   interested parties"); *Pey v. Wachovia Mortgage Corp.*, 2011 WL 5573894, *7 (N.D. Cal. Nov.

27   15, 2011).  Due Process does not entitle a class member to "actual notice," but rather to the best

28   notice practicable, reasonably calculated under the circumstances to apprise him of the

**United States District Court**
For the Northern District of California

2

pendency of the class action and give him a chance to be heard.  *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994) (holding that absent class member's due process rights were not violated where he did not receive notice of settlement in time to opt out); *see also Reppert*, 359 F.3d at 56-57 ("Individual notice of class proceedings is not meant to guarantee that every member entitled to individual notice receives such notice, but it is the court's duty to ensure that the notice ordered is reasonably calculated to reach the absent class members") (internal quotation marks and citation omitted).  "Indeed, allowing absent class members to easily escape the preclusive effect of settlement by claiming that they did not receive actual notice would undermine the ability of the class action mechanism to prevent numerous identical suits with potentially inconsistent results."  *Pey*, 2011 WL 5573894 at *7.

"Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate."  *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012); *see also Silber*, 18 F.3d at 1451-52 (finding notice sufficient where identified class members were mailed notices and notice was published in nationally distributed newspapers); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 168-69 (2d Cir. 1987) (finding that unidentified absent class members that could not be located through reasonable efforts did not need to be provided with individual, mailed notice in order to be bound); *Gordon v. Hunt*, 117 F.R.D. 58, 63 (S.D.N.Y. 1987) ("This combination of mailed notice to all class members who can be identified by reasonable effort and published notice to all others is the long-accepted norm in large class actions.").

Clark argues that Trex could have easily ascertained his identity because he purchased substantial product – over 5,000 linear feet – from an authorized dealer.  However, Clark does not explain how contacting authorized dealers would have enabled Trex to determine his identity.  He does not provide any evidence, or even argument, to show that authorized dealers retain the addresses of the customers to whom they sell Trex's product.  Accordingly, there is no showing to undermine the Court's previous finding that notice by publication to the unidentified class members, including members such as Clark, was sufficient.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clark also requests an opportunity to conduct discovery in his action in state court, but it is not clear regarding what information he seeks through discovery.  The only issue presented to this Court in the motion to enforce judgment is whether the notice provided to the absent class members was sufficient to comply with due process.  The Court determined at the time that it approved the class action settlement that the notice was sufficient.  There is nothing before the Court to show that this initial determination was in error.  Allowing Clark to pursue his action in state court and conduct discovery in that action would undermine the finality of the judgment entered in this Court.  Accordingly, Clark's request is denied.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Trex's motions to enforce judgment and HEREBY ENJOINS the state-court actions filed by McCormick Pier and by Clark.

**IT IS SO ORDERED.**

Dated: March 4, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE