Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Counsel for Select Plaintiffs and Lead Counsel for the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MAHAN, GRETCHEN SILVERMAN, STEVEN MCKENNA, THOMAS SCHAUPPNER, MARJORIE ZACHWIEJA, JOHN FORCELLA, SHEILA SHAPIRO, SABRINA W. HASS and DR. LANNY W. HASS, AMY BIONDI-HUFFMAN, and BRIAN HATHAWAY, on behalf of themselves and all others similarly situated,<br><br>                                                Plaintiffs,<br><br>       v.<br><br>TREX COMPANY, INC., a Delaware corporation,<br><br>                                                Defendant. | No. CV 09-00670-JSW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, AND SETTING DEADLINES |

PROPOSED ORDER

010095-13  596816 V1                                                                                                    Case No.: CV 09-00670-JSW

1   This Court has before it plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel ("Motion"), as well as the supporting declarations of Robert F. Lopez, Adrian Garcia, and Anatole A. Klyosov, Ph.D.  Plaintiffs Dean Mahan, Gretchen Silverman, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and Brian Hathaway, individually and on behalf of all others similarly situated, and defendant Trex Company, Inc. ("Trex") appeared by their counsel of record.  Having reviewed the Motion, and having heard the presentations of counsel for the parties, the Court hereby ORDERS as follows:

1. Unless otherwise indicated, all defined terms used in this Order shall have the same meaning as described in the parties' Stipulation of Settlement and Release ("Settlement Agreement") dated April 5, 2013 and incorporated by this reference.

2. This case is preliminarily certified as a class action for settlement purposes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  In this regard, the Court directs that the Settlement Class shall include:

> All Persons in the United States who own or owned a Trex Structure built with Trex Product purchased during the Class Period.  Included within the Settlement class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and remote.

3. Excluded from the Settlement Class are:  (1) Trex and its subsidiaries and affiliates; (2) all Persons who, in accordance with the terms of the Settlement Agreement, properly execute and timely file during the Opt-Out Period a request for exclusion from the Settlement Class; (3) all governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

4. Plaintiffs allege that the defendant has violated federal, state, and common law by misrepresenting or concealing the characteristics of certain Trex wood-plastic composite decking, railing, and fencing ("Trex Product") by breaching warranties and/or by defrauding consumers, or treating consumers unfairly, in the design, manufacturing, and marketing and sale of Trex Product. Trex denies that plaintiffs' claims have merit.

PROPOSED ORDER - 1

5. The parties have entered into a Settlement Agreement to resolve these claims and to avoid the expense and uncertainties associated with continued litigation.

6. The Court previously has appointed Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as lead counsel in this matter. The Court appoints Dean Mahan, Gretchen Silverman, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and Brian Hathaway to serve as Class Representatives. It further appoints Hagens Berman to serve as Class Counsel.

7. For purposes of the settlement of this action (and only for such purposes, and without an adjudication on the merits), the Court preliminarily makes the following findings under the Federal Rules of Civil Procedure, the United States Constitution, and the Rules of this Court:

    (a) For purposes of the settlement of this action, the Court preliminarily finds that the Class consists of thousands of persons who own decks constructed with the Trex Product in question.

    (b) For purposes of the settlement of this action, the Court preliminarily finds that there exists at least one question of fact and law purportedly common to the Class in that they complain of alleged misrepresentations by Trex and the alleged condition of Trex Product.

    (c) For purposes of the settlement of this action, the Court preliminarily finds that the claims of the named Plaintiffs are typical of the claims of the Class that are being settled.

    (d) For purposes of the settlement of this action, the Court preliminarily finds that Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class.

    (e) For purposes of the settlement of this action, the Court preliminarily finds that a resolution of this action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action and that common issues predominate over

individual issues.  The proposed resolution of this action involves a Claim Resolution Process which will identify and resolve complaints without burdening the courts or regulators and which will result in the replacement of Class Members defective product or payment to them for the retail value of the defective product, plus a payment for labor.  The Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

8. In making these findings, the Court has considered, among other factors: (i) the interests of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.  The Court takes guidance in its consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

9. The proposed Settlement was the product of arms'-length negotiation and reached in good faith, and provides meaningful relief to the Class, including alternatives among cash, partial cash refunds and reimbursements, and cash-rebate relief as set forth in the Settlement Agreement.  The proposed Settlement is sufficiently fair, adequate, and reasonable to warrant the distribution of a notice to the Class regarding the Settlement Agreement.  Accordingly, Trex shall cause class notice to be distributed as established by the Class Notice Plan attached as Exhibit G to the Settlement Agreement.

10. The Class Notice Plan will include:  (1) direct mail to all Settlement Class Members for whom Trex has a direct mailing address (or, alternatively and as necessary, email notice); (2) national publication notice; (3) Internet notice via banner advertising and sponsored links; (4)

1   notice on Trex's website and a settlement website; and (5) notice in writing from Trex to its
2   distributors and retailers of the settlement.
3        11.   <u>Class Notice by Direct Mail/Email:</u> Within 14 days of entry of the Court's
4   Preliminary Approval Order of the Settlement Agreement, Trex shall mail by first-class mail,
5   postage prepaid (where physical address is available), or e-mail (where no physical address is
6   available but an e-mail address is available) a copy of the Long-Form Class Notice (attached to the
7   Settlement Agreement as part of Ex. G) to all of those Class Members who have complained of
8   mold, mildew, fungal, or other dark or gray growth/spotting, or any color variation or color fading,
9   to Trex or counsel for any Plaintiffs in this matter (the "Class Notice by Direct Mail or E-
10  Mail").  The Class Notice by Direct Mail or E-Mail will also include a copy of the Request for
11  Claim Form and Request for Supplemental Claim Form, attached to the Settlement Agreement as
12  part of Exhibit G.  Trex shall re-mail an additional Class Notice by Direct Mail or E-Mail to
13  potential Class Members whose original Class Notice direct mailings were returned to Trex prior to
14  the Settlement Final Approval Date as undelivered with a forwarding address.  Trex shall not be
15  required to re-mail any notices returned without a forwarding address or that are returned after the
16  Settlement Final Approval Date.  Trex also shall not be required to re-send any e-mail notices for
17  which Trex receives notice that the e-mails were undeliverable unless Class Counsel or the Class
18  Member provides Trex with a different e-mail address prior to the Settlement Final Approval Date.
19       12.   <u>Publication Notice</u>: As soon as practicable after entry of the Court's Preliminary
20  Approval Order of the Settlement Agreement, Trex will publish notice of the proposed Settlement,
21  the Fairness Hearing, and Class Member's objection and appeal rights in *USA Today*, *Professional*
22  *Deck Builder Magazine*, and *Deck World* magazine (the "Publication Notice").  The Publication
23  Notice will be in a form substantially similar to the short-form notice attached to Exhibit G to the
24  Settlement Agreement. The published notice shall be at least 1/6 page size in *USA Today* and1/2
25  page in *Deck Builder Magazine*, and *Deck World* magazine.
26       13.   <u>Internet Notice</u>:  Within 14 days of entry of the Court's Preliminary Approval Order
27  of the Settlement Agreement, Trex will publish a copy of the Long-Form Class Notice, the Short-
28  Form Class Notice, the Claim Form, the Supplemental Claim Form, the Request for Claim Form,

1   and the Request for Supplemental Claim Form via Trex's regular website and a settlement website
2   (which will be established at Trex's expense).  Also within 14 days of entry of the Court's
3   Preliminary Approval Order of the Settlement Agreement, Trex will provide notice via (a)
4   sponsored links for searches covering the concepts "Trex mold spotting settlement," "Trex color
5   variation settlement," and "Trex color fading settlement" on Google, Yahoo, Bing, and AOL at an
6   aggregate cost of $10,000, which sponsored links will be devised by, purchased by, and spread
7   among the sites for maximum reach by Gilardi & Co., LLP ("Gilardi") and (b) website banner
8   advertisements placed on the following websites: bobvila.com, deckcreations.com,
9   gardenstructure.com, and a fourth website that will have been agreed upon by the parties at an
10  aggregate cost of $10,000, which advertisements will be composed by, purchased by, and spread
11  among the sites for maximum reach by Gilardi

12  14.  In addition, as soon as practicable after entry of the Court's Preliminary Approval
13  Order of the Settlement Agreement, Trex will formally advise all of its distributors and retailers of
14  the Settlement in writing, such that retailers will be able to direct consumers to the settlement
15  website and to advise them as to how to obtain Claim Forms and Supplemental Claim Forms.

16  15.  Distribution of the Class Notice as described herein is reasonable and the best
17  practicable notice under the circumstances; is reasonably calculated to apprise Class Members of
18  the pendency of the action and of their right to object to and opt-out of the proposed settlement;
19  constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets
20  the requirements of due process, the Federal Rules of Civil Procedure, and the United States
21  Constitution.

22  16.  Trex shall file proof by affidavit of the mailing of the Class Notice by Direct Mail
23  and publication of the Publication Notice at least 35 days before the Fairness Hearing.

24  17.  Each Class Member who wishes to exclude himself or herself from the Class must
25  submit to Counsel for Defendant a written request for exclusion postmarked no later than 45 days
26  from the last date that Notice is sent by Trex or first published as set forth in the Notice Plan. Any
27  Class Member who does not submit a timely, written request for exclusion will be bound by all

PROPOSED ORDER - 5

010095-13  596816 V1                                                                                          Case No.: CV 09-00670-JSW

proceedings, orders, and judgment in this Action, which will have preclusive effect in all pending or future lawsuits or other proceedings.

18. Any potential Class Member who objects to the Settlement Agreement may appear at the Fairness hearing and show cause why such Settlement Agreement should not be approved as fair, reasonable and adequate and why the Final Order and Judgment should not be entered thereon; provided that each such Class Member shall deliver to the offices of Class Counsel and Trex's counsel and file with the Court, not later than twenty-one (21) days prior to the Fairness Hearing: the written Notice of Intent to Object, which more specifically must be: (a) filed with the Clerk of the Court not later than twenty-one (21) days before the date set for the Final Settlement Hearing; and (b) sent by first-class mail, postmarked not later than twenty-one (21) days before the date set for the Final Settlement Hearing, to Class Counsel and Counsel for the Defendant. Any Notice of Intent to Object must contain: (a) a heading which refers to the Action; (b) a statement as to whether the objector intends to appear at the Final Settlement Hearing, either in person or through counsel, and, if through counsel, identify counsel by name, address and phone number; (c) a detailed statement of the specific legal and factual bases for each and every objection; (d) a list of any witnesses and photocopies of exhibits which the objector intends to introduce at the Final Settlement Hearing, if any; and (e) the objector's signature, verifying, under penalty of perjury, that he or she is a member of the Settlement Class and the address of the relevant property. Any Class Member who fails to comply with these requirements will be barred from objecting to this Settlement Agreement.

19. Any attorneys hired by individual Class Members for the purpose of objecting to the proposed Settlement shall file with the Clerk of the Court and serve on Class Counsel and Trex's counsel a notice of appearance, no later than twenty-one (21) days prior to the Fairness Hearing.

20. Any filings, exclusions, objections and appearances shall be filed and/or served on counsel at the following addresses:

>     Clerk of the Court
>     United States District Court
>     Northern District of California – San Francisco Division

PROPOSED ORDER - 6

010095-13  596816 V1                                               Case No.: CV 09-00670-JSW

                450 Golden Gate Avenue
                San Francisco, CA 94102

                Class Counsel:

                Steve W. Berman
                Robert F. Lopez
                HAGENS BERMAN SOBOL SHAPIRO LLP
                1918 Eighth Ave., Ste. 3300
                Seattle, WA 98101

                Counsel for Defendant:

                Patrick J. Perrone
                K&L GATES, LLP
                One Newark Center, 10th Fl.
                Newark, NJ 07102

        21.     Class Counsel and Trex's counsel shall promptly furnish each other with copies of any objections, appearances, and requests for exclusion that come into their possession.

        22.     No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of the Settlement Agreement. Any Class Member who does not submit a timely, written objection or request for exclusion from the class in compliance with all of the procedures set forth in this Order and the Settlement Agreement will be deemed to have waived all such objections and will, therefore, be bound by all proceedings, orders and judgments in this action, which will be preclusive in all pending or future lawsuits or other proceedings.

        23.     All Class Members who have not been timely excluded from the Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or based on or relating to the Released Claims and Released Parties as defined in the Settlement Agreement. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint

PROPOSED ORDER - 7

1   to include class allegations, or by seeking class certification in a pending action in any jurisdiction)

2   on behalf of Class Members who have not been timely excluded from the Class, if such other class

3   action is based on or relates to the claims and causes of action, or the facts and circumstances

4   relating thereto, in this Action and/or based on or relating to the Released Claims and Released

5   Parties as defined in the Settlement Agreement.  The Court finds that issuance of this preliminary

6   injunction is necessary and appropriate in aid of the Court's jurisdiction over this action.  The

7   Court finds no bond is necessary for issuance of this injunction.

8        24.     Plaintiffs and Trex have agreed to settle the Action under the terms and conditions

9   set forth in the Settlement Agreement.  It is understood and acknowledged that Trex has denied,

10  and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the

11  Action, and that the Settlement Agreement is entered into as a compromise of disputed claims and

12  for the purpose of avoiding the uncertainty, costs, and delay of litigation.  The Settlement created

13  by the Settlement Agreement is not and shall not be construed as an admission of liability,

14  wrongdoing, or damages by Trex, nor as evidence of the validity of any of the claims asserted

15  against it.  By entering into the Settlement Agreement and taking any actions in conformance with

16  the Settlement Agreement, Trex shall not be deemed to have admitted in any way any claims or

17  contentions made by any party nor to have diminished in any way the validity of any defense

18  asserted by it with respect to the Action.  Trex's execution of this Settlement Agreement and

19  actions in conformance with the Settlement Agreement are not, and shall not be construed as an

20  admission, waiver, or estoppel by Trex or deemed to be evidence of the validity of any of the

21  claims made by the Plaintiffs on behalf of the members of the Class or of any liability to the

22  Plaintiffs or to any members of the Class or that this Action is properly maintainable as a class

23  action.

24       25.     Certification shall be automatically vacated and this Order shall become null and

25  void if the Settlement Agreement is terminated or is disapproved by the Court, any appellate court,

26  and/or any other court of review, or if any of the Parties invoke their right to terminate their

27  agreement to settle (pursuant to the Settlement Agreement), in which event the Settlement

28  Agreement and the fact that it was entered into shall not be offered, received, or construed as an

PROPOSED ORDER - 8

1    admission or as evidence for any purpose, including the ability of any other class to be certified.

2    The Settlement Agreement, actions in conformance with or in furtherance of the Settlement

3    Agreement, and the other documents prepared or executed by any party in negotiating or

4    implementing the settlement in the Settlement Agreement, including any terms of any such

5    documents, shall never be offered in evidence in or shared with any party to any civil, criminal, or

6    administrative action or proceeding without Defendant's express written consent.

7         26.    The Court will hold a Fairness Hearing to finally consider the fairness,

8    reasonableness, and adequacy of the proposed settlement and whether it should be approved by the

9    Court on _____, 2013 at \_\_\_\_ o'clock \_\_\_.m in the courtroom of the Honorable Jeffrey

10   S. White of the United States District Court for the Northern District of California, San Francisco

11   Division.  No later than thirty-five (35) days before the Fairness hearing, Plaintiffs shall file a

12   Motion for Final Approval of the Settlement. On or before seven (7) days before the Fairness

13   Hearing, the Parties may file with the Court reply brief(s) responding to any filed objections.  Class

14   Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement

15   of expenses no later than thirty-five (35) days before the Fairness Hearing.

17        DATED:  _____, 2013.

_____
Honorable Jeffrey S. White
United States District Judge