IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC ROSS, et al,

    Plaintiffs,

v.

TREX COMPANY, INC.,

    Defendant.

No. C 09-00670 JSW

**ORDER REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Now before the Court is the motion for preliminary approval of class action settlement. The Court has some questions regarding the proposed settlement. In particular, the Court is concerned that notice may not be sufficient, but does not have sufficient information to make this determination. Plaintiffs and defendant Trex Company, Inc. ("Trex") have not yet provided the Court with an estimate of the number of purported class members, as well as an estimate of how many purported class members for whom Trex has either a direct mailing or email address. Additionally, it seems likely Trex could discover the identity of additional purported class members by seeking such information from TrexPRO contractors and from Trex's financing partner, GE Capital. The parties shall address whether they would object to this additional step and estimate for how many additional purported class members they would obtain contact information through this additional step.

Moreover, the Court notes the concerns stated in *Fraser v. Asus Computer Internat'l.*, 2012 WL 6680142 (N.D. Cal. Dec. 21, 2012). In *Fraser*, the initial retail price of the product at issue was $499 and the proposed settlement for claims made was $17, plus a free device. *Id.*, 2012 WL 6680142 at *1. The Court noted that the amount of the settlement was so small per

1 class member that there was a large risk that class members, even if they learned of the
2 settlement, would not get around to completing the claim form in time. *Id.*, 2012 WL 6680142
3 at *3. In light of these concerns, the court held that it would have been fairer to limit the release
4 to those who actually submitted claims or if the settlement included a *cy pres* solution. The
5 Court here has similar concerns with respect to the $20 settlement for tier 1. Moreover, in order
6 to even file a claim for the $20, purported class members must obtain a claim form and then
7 submit documentary proof that they own the property, documentary proof that they purchased
8 the decking materials, and pictures or videos of the decking. Such extensive requirements are
9 likely discourage purported class members from submitting a claim for a mere $20, which is
10 less than the value of the settlement for claims made in *Fraser*. Accordingly, the Court agrees
11 with *Fraser* that the broad release would be more palatable if the release were limited to class
12 members who submitted a claim or if the proposed settlement included a *cy pres* benefit for the
13 amount of the unclaimed funds.

14 Additionally, the Court notes that the proposed publication program does not appear to
15 be sufficient. In light of the likely large percentage of purported class members who may be
16 receiving notice only by publication, posting the notice in only three publications on one day
17 does not appear to be sufficient.

18 Finally, the Court notes the concerns raised regarding obtaining tier 2 relief. It is not
19 clear why purported class members would be limited to two months, as opposed to three
20 months, if they submitted photographs instead of videos. More significantly, obtaining relief
21 under tier 2 depends upon the mold reappearing. As noted by one of the objectors' briefs, the
22 appearance and regrowth of mold can be affected or repressed by conditions such as drought or
23 seasonal temperature changes. Would the parties be opposed to extending the time for proving
24 the appearance and regrowth of mold if warranted by weather conditions?

25 ///
26 ///
27 ///
28 ///

2

The parties shall submit a supplemental brief to address the Court's concerns by no later than June 14, 2013. The Court HEREBY CONTINUES the hearing on the motion for preliminary approval of the class action settlement to July 26, 2013 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: May 28, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case3:09-cv-00670-JSW   Document276   Filed05/28/13   Page4 of 4