Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Counsel for Select Plaintiffs and Lead Counsel for the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MAHAN, GRETCHEN SILVERMAN, STEVEN MCKENNA, THOMAS SCHAUPPNER, MARJORIE ZACHWIEJA, JOHN FORCELLA, SHEILA SHAPIRO, SABRINA W. HASS and DR. LANNY W. HASS, AMY BIONDI-HUFFMAN, and BRIAN HATHAWAY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TREX COMPANY, INC., a Delaware corporation,<br><br>Defendant. | No. CV 09-00670-JSW<br><br>~~AMENDED [PROPOSED]~~ ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, AND SETTING DEADLINES<br><br>AND SETTING FINAL FAIRNESS HEARING, AS MODIFIED HEREIN |

~~AMENDED PROPOSED~~ ORDER

010095-13  635308 V1                                                         Case No.: CV 09-00670-JSW

1  This Court has before it plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel ("Motion") (Dkt. No. 258), as well as the supporting declarations of Robert F. Lopez with exhibits (Dkt No. 259), Adrian Garcia (Dkt. No. 260), and Anatole A. Klyosov, Ph.D. (Dkt. No. 261).  In addition and in further support of the Motion, the Court has before it defendant Trex Company, Inc.'s ("Trex") Administrative Motion To File Under Seal and the declaration of Patrick J. Perrone sought to be filed under seal (Dkt. No. 257); plaintiffs' reply memorandum in support of their Motion (Dkt. No. 271) and the Declaration of Robert F. Lopez in further support of the Motion, with exhibit (Dkt. No. 272); the Declaration of Anatole A. Klyosov, Ph.D. in further support of the Motion (Dkt. No. 273); the Administrative Motion To File Under Seal, and the declaration of Robert F. Lopez sought to be filed under seal (Dkt. No. 274); the Declaration of Patrick J. Perrone in Support of the Motion, with exhibits (Dkt. No. 275); the parties' memorandum in response to the Court's order of May 28, 2013 (Dkt. Nos. 276 and 279); the Declaration of William R. Gupp in support of the Motion (Dkt. No. 280); the parties' joint motion to file memoranda in response to the second memorandum of Caryn Borger, M.D. (Dkt. No. 283); Trex's memorandum in response to the second memorandum of Caryn Borger, M.D., with the declarations of Patrick J. Perrone (with exhibits) and Alan Vasquez (Dkt. No. 284); plaintiffs' memorandum in response to the second memorandum of Caryn Borger, M.D. (Dkt. Nos. 285 and 286); the declaration of Patrick J. Perrone in further support of the Motion, with exhibit (Dkt. No. 287), and the pleadings and papers on file in this matter.  Having reviewed the Motion and the foregoing pleadings, and having determined that oral argument would not aid the Court in disposing of the instant motion, the Court hereby ORDERS as follows:

1.  Unless otherwise indicated, all defined terms used in this Order shall have the same meaning as described in the parties' Stipulation of Settlement and Release ("Settlement Agreement") originally dated April 5, 2013 and revised and filed on July 31, 2013 (Dkt. Nos. 287-1 and 287-2) and incorporated by this reference.  The Settlement referenced therein shall be referred to herein as "the Settlement."

AMENDED PROPOSED ORDER - 1

2.  This case is preliminarily certified as a class action for settlement purposes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. In this regard, the Court directs that the Settlement Class shall include:

> All Persons in the United States or its territories who own or owned a Trex Structure built with Trex Product purchased during the Class Period. Included within the Settlement class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and remote.

The Class Period is defined as August 1, 2004 through the date of entry of this order.

3.  Excluded from the Settlement Class are: (1) Trex and its subsidiaries and affiliates; (2) all Persons who, in accordance with the terms of the Settlement Agreement, properly execute and timely file by the Opt-Out Deadline (defined in paragraph 20 below) a request for exclusion from the Settlement Class; (3) all governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

At this stage of the proceedings,
4.  The Court notes, and overrules, the objections of Caryn Borger, M.D., to preliminary approval of the Settlement. The Court notes that two other individuals, Ellen Kopetsky and Richard Levin, both represented by the same counsel, also objected to preliminary approval of the Settlement but then withdrew their objections. (Dkt. Nos. 267 and 291.) For the reasons stated elsewhere in this order, the Court finds the Settlement worthy of preliminary approval and finds it appropriate that notice of the Settlement should issue to the Settlement Class as stated herein.

5.  Plaintiffs allege that the defendant has violated federal, state, and common law by misrepresenting or concealing the characteristics of certain Trex wood-plastic composite decking, railing, and fencing ("Trex Product") by breaching warranties and/or by defrauding consumers, or treating consumers unfairly, in the design, manufacturing, and marketing and sale of Trex Product. Trex denies that plaintiffs' claims have merit.

6.  The parties have entered into the Settlement Agreement to resolve these claims and to avoid the expense and uncertainties associated with continued litigation.

7.  The Court previously has appointed Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as lead counsel in this matter. The Court appoints Dean Mahan, Gretchen

~~AMENDED PROPOSED~~ ORDER - 2

1   Silverman, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila
2   Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and Brian Hathaway to
3   serve as Class Representatives.  It further appoints Hagens Berman to serve as Class Counsel.

4       8.      For purposes of the settlement of this action (and only for such purposes,
5   and without an adjudication on the merits), the Court preliminarily makes the following findings
6   under the Federal Rules of Civil Procedure, the United States Constitution, and the Rules of this
7   Court:

    (a)    For purposes of the settlement of this action, the Court preliminarily finds that the Class consists of thousands of persons who own decks constructed with the Trex Product in question.

    (b)    For purposes of the settlement of this action, the Court preliminarily finds that there exists at least one question of fact and law purportedly common to the Class in that they complain of alleged misrepresentations by Trex and the alleged condition of Trex Product.

    (c)    For purposes of the settlement of this action, the Court preliminarily finds that the claims of the named Plaintiffs are typical of the claims of the Class that are being settled.

    (d)    For purposes of the settlement of this action, the Court preliminarily finds that Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class.

    (e)    For purposes of the settlement of this action, the Court preliminarily finds that a resolution of this action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action and that common issues predominate over individual issues.  The proposed resolution of this action involves a Claim Resolution Process which will identify and resolve complaints without burdening the courts or regulators and which will result in a cash award to qualified claimants; or, in the alternative, to qualified claimants, a 40%

AMENDED PROPOSED ORDER - 3

|     |     |
| --- | --- |
| 1   | rebate of the retail purchase price of a different Trex product designed to |
| 2   | resist mold and mildew and color fading issues, as well as Trex-brand |
| 3   | fasteners, if used previously; or, in the alternative, to qualified claimants, a |
| 4   | 50% rebate of the retail purchase price of a different Trex product designed |
| 5   | to resist mold and mildew and color fading issues, plus a partial payment for |
| 6   | labor costs; or, in the alternative, to qualified claimants, a 20% partial cash |
| 7   | refund on the claimant's Trex Product and Trex-brand fasteners, if used |
| 8   | previously, all as set forth in greater detail in the Settlement Agreement |
| 9   | (Dkt. No. 287). The Court also notes that, because this action is being |
| 10  | settled rather than litigated, the Court need not consider manageability |
| 11  | issues that might be presented by the trial of a nationwide class action |
| 12  | involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 |
| 13  | U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). |

9. In making these findings, the Court has considered, among other factors: (i) the interests of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

10. The proposed Settlement was the product of arms'-length negotiation, including two in-person mediations before the Hon. Wayne R. Andersen (U.S.D.J. N.D. Ill. Ret.) and several follow-up telephone and email conversations with Judge Andersen, and it was reached in good faith. It provides meaningful relief to the Class, including alternatives among cash, partial cash refunds and reimbursements, and cash-rebate relief as set forth in the Settlement Agreement (Dkt. Nos. 287-1 and 287-2). The proposed Settlement is sufficiently fair, reasonable, and adequate to warrant the distribution of a notice to the Class regarding the Settlement Agreement. Accordingly, Trex shall cause class notice to be distributed as established by the Class Notice Plan attached as

1  Exhibit G to the Settlement Agreement (Dkt. No. 287-2) and as explained further in the
2  Declaration of Alan Vasquez (Dkt. No. 284).
3      11.    The Class Notice Plan ("Notice Plan") shall include: (1) direct mail notice to all
4  Settlement Class Members where a U.S. mail (first choice) or email (second choice, if no U.S. mail
5  address is known) address is known to Trex's counsel for any reason, including via GE Capital or
6  TrexPRO contractors, or via Plaintiffs' counsel in this matter; (2) national print publication notice;
7  (3) Internet/web notice via banner advertising and sponsored links, including on Facebook; (4)
8  notice on Trex's website and a Settlement Website; (5) notice in writing from Trex to its
9  distributors, retailers, and independent TrexPRO contractors of the settlement, and (6) a national
10 press release, all as specified in greater detail below and in the Notice Plan attached as Exhibit G to
11 the Settlement Agreement (Dkt. No. 287-2) and as explained further in the Declaration of Alan
12 Vasquez (Dkt. No. 284).
13     12.    Class Notice by Direct Mail/Email: Within 14 days of entry of this order, Trex shall
14 mail by first-class U.S. mail, postage prepaid (where physical address is available), or e-mail
15 (where no physical address is available but an e-mail address is available), a copy of the Long-
16 Form Class Notice (attached to the Notice Plan (Dkt. No. 287-2)) to all of those Class Members
17 who have complained of mold, mildew, fungal, or other dark or gray growth/spotting, or any color
18 variation or color fading, to Trex or counsel for any Plaintiffs in this matter, to all those Class
19 Members whose identities are otherwise known to Trex, and to all those Class Members who have
20 contacted counsel for Plaintiffs in this matter for any reason pertaining to Trex's decking products
21 and for whom counsel have U.S. mail or e-mail addresses (the "Class Notice by Regular Mail or E-
22 Mail"). Before mailing out the Long-Form Class Notice by Regular Mail, Trex shall run the
23 addresses through the national change-of-address database in an effort to identify the most current
24 addresses. The Class Notice by Regular Mail or E-Mail shall also include a copy of the Claim
25 Form and the Supplemental Claim Form (attached as Exhibits A and C to the Settlement
26 Agreement (Dkt. No. 287-1)). Trex shall re-mail an additional Class Notice by Regular Mail or E-
27 Mail to potential Class Members whose original class notice regular mailings were returned to Trex
28 prior to the Settlement Final Approval Date (*i.e.*, the date on which the Court, if it so decides,

grants final approval to the Settlement) as undelivered with a forwarding address.  Trex shall not be required to re-mail any notices returned without a forwarding address or that are returned after the Settlement Final Approval Date.  Trex also shall not be required to re-send any e-mail notices for which Trex receives notice that the e-mails were undeliverable unless Class Counsel or the Class Member provides Trex with a different e-mail address prior to the Settlement Final Approval Date. Additionally, Trex shall provide written notice of the Settlement by mail to all current TrexPRO contractors, which notice will include a request that the TrexPRO contractors forward such notice to any customers for whom the TrexPRO contractor built a deck using Trex Product during the Class Period. Trex shall provide ample copies of the notice (postage prepaid) to those TrexPRO contractors who request them. Trex shall also forward notice of the Settlement to the TrexPRO's customers if the TrexPRO contractor provides the customers' names and addresses to Trex. Trex shall also provide written notice of the Settlement by mail to GE Capital.  Gilardi & Co., LLP ("Gilardi") shall mail notice to those Class Members who used GE Capital to finance their purchase of their Trex Product during the Class period.

13. Print Publication Notice: At the earliest available publication date for each periodical, Trex shall publish notice of the proposed Settlement, the Fairness Hearing, and Class Members' objection and appeal rights in *USA Today*, National Edition, black and white, 1/6 page insertion, *Professional Deck Builder* magazine, black and white, half page, *Sunset Magazine*, black and white, one-third page, *This Old House* magazine, black and white, one-third page, *Residential Building Products News* magazine, black and white, half page, and *Replacement Contractor* magazine, black and white, half page (the "Publication Notice").  The Publication Notice shall be in a form substantially similar to Exhibit D attached to the Notice Plan (the "Short-Form Class Notice") (Dkt. 287-2).

14. Internet/Web Notice: Within 14 days of entry this order, Trex shall publish a copy of the Long-Form Class Notice, the Short-Form Class Notice, the Request for Claim Form, and the Request for Supplemental Claim Form (attached to the Notice Plan as Exhibits A through D (Dkt. No. 287-2)), the Claim Form, and the Supplemental Claim Form (attached, respectively, as Exhibits A and C to the Stipulation of Settlement and Release (Dkt. No. 287-1)), via Trex's regular

AMENDED PROPOSED ORDER - 6

1  website and a Settlement Website (which shall be established within 14 days of entry of this order
2  at Trex's expense). Also within 14 days of entry of this order, Trex shall commence providing
3  notice via (a) sponsored links for searches covering the keywords "Trex" or "composite decking"
4  paired with any of the following keywords: "mold," "mildew," "fungal growth," "fungal spotting,"
5  "color variation," or "color fading" on Google, Yahoo, Bing, and AOL, at an aggregate cost of
6  $10,000, which sponsored links will be devised by, purchased by, and spread among the sites for
7  maximum reach by Gilardi; and (b) website banner advertisements placed on the following
8  websites: bobvila.com, deckcreations.com, gardenstructure.com, and gardenweb.com at an
9  aggregate cost of $10,000, which advertisements will be composed by, purchased by, and spread
10 among the sites for maximum reach by Gilardi; (c) Google Display Network text link ads for
11 searches covering the keywords "Trex" or "composite decking" paired with any of the following
12 keywords: "mold," "fungal growth," "fungal spotting," "color variation," or "color fading" at an
13 aggregate cost of $25,000, which text link ads will be devised by, purchased by, and spread among
14 the sites for maximum reach by Gilardi; and (d) Facebook text link ads at an aggregate cost of
15 $5,000, which text link ads will be devised by and purchased by Gilardi.

16  15.    In addition, within 14 days of entry of this order, Trex shall formally advise all of its
17 distributors and retailers of the Settlement in writing, such that retailers will be able to direct
18 consumers to the Settlement Website and to advise them as to how to obtain Claim Forms and
19 Supplemental Claim Forms.

20  16.    Also, within 7 days of entry of this order, Gilardi shall issue a press release
21 regarding the Settlement through either Businesswire or PR Newswire, which press release shall be
22 jointly approved by Trex and the plaintiffs.

23  17.    Additionally, Spanish-language versions of the Long-Form Class Notice, the Short-
24 Form Class Notice, the Request for Claim Form, the Request for Supplemental Claim Form, the
25 Claim Form, and the Supplemental Claim Form will be available. The Long-Form Class Notice
26 and Short-Form Class Notice will direct Class Members to the websites where the aforementioned
27 Spanish-language documents can be obtained.

28

~~AMENDED PROPOSED~~ ORDER - 7

010095-13 635308 V1                                                          Case No.: CV 09-00670-JSW

    At this stage, the Court concludes that

18. Distribution of the Class Notice as described herein is reasonable and the best practicable notice under the circumstances; is reasonably calculated to apprise Class Members of the pendency of the action and of their right to object to and opt-out of the proposed settlement; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of due process, the Federal Rules of Civil Procedure, and the United States Constitution.

19. Trex shall file proof by affidavit of the mailing of the Class Notice by Direct Mail and publication of the Publication Notice at least 35 days before date of the Fairness Hearing.

20. Each Class Member who wishes to exclude himself or herself from the Class must submit to Counsel for Defendant a written request for exclusion postmarked no later than 45 days from the last date that Notice is sent by Trex or first published as set forth in the Notice Plan ("Opt-Out Deadline").  For the sake of clarity, the Opt-Out Deadline shall be published on the Settlement Website as soon as it is established.  Any Class Member who does not submit a timely, written request for exclusion will be bound by all proceedings, orders, and judgment in this Action, which will have preclusive effect in all pending or future lawsuits or other proceedings.

21. Any potential Class Member who objects to the Settlement Agreement may appear at the Fairness hearing and show cause why such Settlement Agreement should not be approved as fair, reasonable, and adequate and why the Final Order and Judgment should not be entered thereon; provided that each such Class Member shall deliver to the offices of Class Counsel and Trex's counsel and file with the Court, not later than twenty-one (21) days prior to the Fairness Hearing: the written Notice of Intent to Object, which more specifically must be: (a) filed with the Clerk of the Court not later than twenty-one (21) days before the date set for the Fairness Hearing; and (b) sent by first-class mail, postmarked not later than twenty-one (21) days before the date set for the Fairness Hearing, to Class Counsel and Counsel for the Defendant.  Any Notice of Intent to Object must contain: (a) a heading which refers to the Action; (b) a statement as to whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, identify counsel by name, address and phone number; (c) a detailed statement of the specific legal and factual bases for each and every objection; (d) a list of any witnesses and

photocopies of exhibits which the objector intends to introduce at the Fairness Hearing, if any; and (e) the objector's signature, verifying, under penalty of perjury, that he or she is a member of the Settlement Class and the address of the relevant property. Any Class Member who fails to comply with these requirements will be barred from objecting to this Settlement Agreement.

22. Any attorneys hired by individual Class Members for the purpose of objecting to the proposed Settlement shall file with the Clerk of the Court and serve on Class Counsel and Trex's counsel a notice of appearance, no later than twenty-one (21) days prior to the Fairness Hearing.

23. Any filings, exclusions, objections and appearances shall be filed and/or served on counsel at the following addresses:

> Clerk of the Court
> United States District Court
> Northern District of California – San Francisco Division
> 450 Golden Gate Avenue
> San Francisco, CA 94102
>
> Class Counsel:
>
> Steve W. Berman
> Robert F. Lopez
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1918 Eighth Ave., Ste. 3300
> Seattle, WA 98101
>
> Counsel for Defendant:
>
> Patrick J. Perrone
> K&L GATES, LLP
> One Newark Center, 10th Fl.
> Newark, NJ 07102

24. Class Counsel and Trex's counsel shall promptly furnish each other with copies of any objections, appearances, and requests for exclusion that come into their possession.

25. No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of the Settlement Agreement. Any Class Member who does not submit a timely, written objection or request for exclusion from the class in compliance with all of the procedures set forth in this Order and the

Settlement Agreement will be deemed to have waived all such objections and will, therefore, be bound by all proceedings, orders and judgments in this action, which will be preclusive in all pending or future lawsuits or other proceedings.

26. All Class Members who have not been timely excluded from the Class are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or based on or relating to the Released Claims and Released Parties as defined in the Settlement Agreement. In addition, all persons or entities are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been timely excluded from the Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or based on or relating to the Released Claims and Released Parties as defined in the Settlement Agreement. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

27. The Court will hold a Fairness Hearing to finally consider the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be approved by the Court on December 13, 2013 at 9:00 o'clock a.m. in the courtroom of the Honorable Jeffrey S. White of the United States District Court for the Northern District of California, San Francisco Division. No later than thirty-five (35) days before the Fairness Hearing, Plaintiffs shall file a Motion for Final Approval of the Settlement. Also, Class Counsel shall file with this Court their motion for an award of attorneys' fees, costs, reimbursement of expenses, and named Plaintiff service awards no later than thirty-five (35) days before the Fairness Hearing. Class Members shall file any comments in support of, or in objection to, final approval of the Settlement and/or the motion for attorneys' fees, costs, expenses, and Plaintiff service awards no later than twenty-one

(21) days before the Fairness Hearing. On or before seven (7) days before the Fairness Hearing, the Parties may file with the Court reply brief(s) responding to any filed objections.

28. The hearing date or time for the Fairness Hearing may be moved *sua sponte* by the Court or pursuant to a stipulation by the parties subject to Court approval without providing additional notice to the Class Members.

29. Class Members shall, upon final approval of the Settlement Agreement, be bound by the terms and provisions of the Settlement Agreement so approved, including but not limited to the releases, waivers, and covenants described in the agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

30. All further proceedings in this litigation are hereby stayed except for any actions required to effectuate the Settlement Agreement.

DATED: August 27, 2013.

_____
Honorable Jeffrey S. White
United States District Judge

AMENDED PROPOSED ORDER - 11