Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Counsel for Select Plaintiffs and Lead Counsel for the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MAHAN, GRETCHEN SILVERMAN, STEVEN MCKENNA, THOMAS SCHAUPPNER, MARJORIE ZACHWIEJA, JOHN FORCELLA, SHEILA SHAPIRO, SABRINA W. HASS and DR. LANNY W. HASS, AMY BIONDI-HUFFMAN, and BRIAN HATHAWAY, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>TREX COMPANY, INC., a Delaware corporation,<br><br>                              Defendant. | No. CV 09-00670-JSW<br><br>[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND DISMISSING RELEASED CLAIMS WITH PREJUDICE<br><br>Date:    December 13, 2013<br>Time:    9:00 a.m.<br>Judge:   Honorable Jeffrey S. White<br>Dept.:   Department 11, 19th Floor |

1   WHEREAS, Plaintiffs and defendant Trex Company, Inc. ("Trex") have entered into a
2   class action Settlement Agreement, the revised version of which was filed with the Court on
3   July 31, 2013; and

4   WHEREAS, the Court entered an Order dated August 19, 2013, preliminarily certifying the
5   putative Class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering notice
6   to potential Class Members, scheduling a Fairness Hearing for December 13, 2013, at 9:00 a.m.,
7   and providing those persons with an opportunity either to exclude themselves from the settlement
8   Class or to object to the proposed Settlement (the "Preliminary Approval Order"); and

9   WHEREAS, as attested by the Declaration of Patrick J. Perrone Regarding Compliance
10  With CAFA Notice Requirements and Notice Plan, Trex has provided notice of the proposed
11  Settlement under 28 U.S.C. § 1715 to the appropriate state and federal government officials; and

12  WHEREAS, the Court held a Fairness Hearing on December 13, 2013, at 9:00 a.m., to
13  determine whether to give final approval to the proposed Settlement; and

14  WHEREAS, the Parties have complied with the Preliminary Approval Order and the Court
15  is of the opinion that the Settlement Agreement is fair, adequate, and reasonable, and that it should
16  be approved,

17  NOW THEREFORE, based on the submissions of the Parties and Class Members, the
18  testimony adduced at the Fairness Hearing, any comments or objections filed by objectors, the
19  pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED
20  as follows:

21  1.   Incorporation of Defined Terms and the Settlement Agreement.  Except where
22  otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement
23  and Dismissing Class Action with Prejudice (the "Final Order and Judgment") shall have the
24  meanings set forth in the Amended Stipulation of Settlement and Release ("Settlement
25  Agreement"). The Settlement Agreement (and any attachments thereto) is expressly incorporated
26  by reference into this Final Order and Judgment and made a part hereof for all purposes.

2. Jurisdiction. The Court has personal jurisdiction over the Parties and all Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' consolidated complaint, and to dismiss this Action on the merits and with prejudice.

3. Final Class Certification. The Settlement Class this Court preliminarily certified in its Preliminary Approval Order is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Settlement Class consists of: All Persons in the United States or its territories who own or owned a Trex Structure built with Trex Product[1] purchased during the Class Period. Included within the Settlement Class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and remote. Excluded from the Settlement Class are: Defendant and its subsidiaries and affiliates; all Persons who, in accordance with the terms of this Agreement, properly execute and timely file during the Opt-Out Period a request for exclusion from the Settlement Class; all governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof. A list of those persons who have timely excluded themselves from the Class, and who therefore are not bound by this Final Order and Judgment, is attached hereto as Appendix A, which is incorporated herein and made a part hereof for all purposes.

4. Adequacy of Representation. The Court appoints Dean Mahan, Gretchen Silverman, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and Brian Hathaway to serve as Settlement Class representatives. The Court appoints Hagens Berman Sobol Shapiro LLP to serve as Class Counsel. The appointment of Class Counsel, and the appointment of the Plaintiffs as the Settlement Class representatives, is fully and finally confirmed. The Court finds that Class Counsel and Plaintiffs have fully and adequately represented the Settlement Class for purposes of

---

[1] "Trex Product "means "any and all Trex non-shelled wood-plastic composite decking, railing, or fencing material" sold under various trademarks set forth in the Settlement Agreement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL – 5:09-CV-00670-JSW
010095-13  652907 V1

- 2 -

1   entering into and implementing the Settlement Agreement and have satisfied the requirements of
2   Fed. R. Civ. P. 23(a)(4).

3       5.    Class Notice. The Court finds that the direct mail notice and publication of the
4   Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary
5   Approval Order, and as explained in the declarations filed before the Fairness Hearing:

6       a.    constituted the best practicable notice to Class Members under the circumstances of
7   this Action;

8       b.    were reasonably calculated, under the circumstances, to apprise Class Members of
9   (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class
10  and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement
11  (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of
12  the proposed Settlement, the adequacy of the Settlement Class's representation by Plaintiffs or
13  Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at
14  the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v)
15  the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or
16  unfavorable, on all persons who do not request exclusion from the Settlement Class;

17      c.    was reasonable and constituted due, adequate, and sufficient notice to all persons
18  entitled to be provided with notice; and

19      d.    fully satisfied the requirements of the Federal Rules of Civil Procedure, including
20  Fed. R. Civ. P. 23(c)(2) and (e), the United States Constitution (including the Due Process Clause),
21  the Rules of this Court, and any other applicable law.

22      6.    Class Action Fairness Act Notice.  The Court finds that Trex provided notice of the
23  proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C.
24  § 1715.  Furthermore, the Court has given the appropriate state and federal government officials
25  the requisite 90 day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the
26  proposed Settlement before entering its Final Order and Judgment and no such objections or
27  comments were received.

28

1        7.    Class Findings.  For purposes of the settlement of this Action (and only for such
2    purposes, and without an adjudication of the merits), the Court finds that the requirements of the
3    Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court and any
4    other applicable law have been met in that:
5        a.    The Settlement Class consists of thousands of Persons who own decks or other
6    structures composed of Trex Product as defined in the Settlement Agreement.  The Settlement
7    Class is so numerous that their joinder before the Court would be impracticable.
8        b.    The commonality requirement of Fed. R. Civ. P. 23(a) generally is satisfied when
9    members of the proposed Settlement Class share a common factual or legal issue.  Here, the Court
10   finds for settlement purposes that Plaintiffs have alleged at least one question of fact and law
11   purportedly common to the Settlement Class.  Plaintiffs complain of alleged common
12   misrepresentations by Trex and an alleged common condition of the product in question.
13       c.    The Court finds for settlement purposes that the claims of the named Plaintiffs are
14   typical of the claims of the Settlement Class that are being settled.  The named Plaintiffs are
15   adequate representatives of the Settlement Class they represent, since their interests are reasonably
16   co-extensive with those of Settlement Class members, and the Plaintiffs have retained experienced
17   counsel to represent them.  The named Plaintiffs and Class Counsel will fairly and adequately
18   protect the interests of the Settlement Class.
19       d.    The Court finds for settlement purposes that a resolution of this Action in the
20   manner proposed by the Settlement Agreement is superior to other available methods for a fair and
21   efficient adjudication of the Action and that common issues predominate over individual issues.
22   Common questions include whether Trex products manufactured during the relevant time period
23   are defective by design or manufacture.  Class treatment here, in the context of the Settlement, will
24   facilitate the favorable resolution of all Settlement Class members' claims.  The proposed
25   resolution of this Action involves a three-tiered benefit structure, allowing qualified Class members
26   to choose:  a) cash benefits; b) alternatively, a rebate benefit (with cash reimbursement for a
27   cleaning product); or c) alternatively, a larger rebate benefit with a formulaic cash payment as
28

1    partial labor reimbursement (with cash reimbursement for a cleaning product); or at the qualified

2    Class member's option, a partial cash refund (with cash reimbursement for a cleaning product).

3    Given the number of Class members, use of the class device will offer a more efficient and fair

4    means of adjudicating the claims at issue, conserve judicial resources, and will promote

5    consistency and efficiency of adjudication by avoiding multiple individual suits or piecemeal

6    litigation.  The Court also notes that, because this Action is being settled rather than litigated, the

7    Court need not consider manageability issues that might be presented by the trial of a nationwide

8    class action involving the issues in this case.  *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620

9    (1997).

10         In making these findings, the Court has considered, among other factors:  (i) the interests of

11   Class members in individually controlling the prosecution or defense of separate actions; (ii) the

12   impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and

13   nature of any litigation concerning these claims already commenced; and (iv) the desirability of

14   concentrating the litigation of the claims in a particular forum.  The Court takes guidance in its

15   consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

16         8.    Final Settlement Approval.  The terms and provisions of the Settlement Agreement,

17   including any and all amendments and exhibits, have been entered into in good faith and are hereby

18   fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the

19   Plaintiffs and the Class members, and in full compliance with all applicable requirements of the

20   Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

21   Clause), and any other applicable law.

22         The Court finds that the Settlement Agreement is fair, adequate, and reasonable based on

23   the following factors, among other things.  First, there is no fraud or collusion underlying this

24   Settlement, and it was reached after good faith, arms'-length negotiations, warranting a

25   presumption in favor of approval. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625

26   (9th Cir. 1982).  Further speaking to the lack of fraud or collusion, the Parties reached their

27   settlement for the Class, and later, in separate negotiations, their agreement as to Class

28

[PROPOSED] ORDER GRANTING FINAL
APPROVAL – 5:09-CV-00670-JSW
010095-13  652907 V1

- 5 -

1   representative stipends and attorneys' fees and costs, with the aid of retired Illinois state and
2   federal district Judge Wayne R. Andersen acting as mediator and neutral.  Second, the complexity,
3   expense, and likely duration of the litigation favor settlement on behalf of the Settlement Class,
4   which provides meaningful benefits on a much shorter time frame than otherwise possible. Based
5   on the stage of the proceedings and the amount of investigation and formal discovery completed,
6   the Parties had developed a sufficient factual record to evaluate their chances of success at trial and
7   the proposed Settlement. Third, the support of Class Counsel and their co-counsel, who are highly
8   skilled in class action litigation such as this, and the Plaintiffs, who have participated in this
9   litigation and evaluated the proposed Settlement, also favors final approval.  *See Boyd v. Bechtel*
10  *Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268,
11  1291 (9th Cir. 1992).  Fourth, the Settlement provides meaningful relief to the Settlement Class as
12  summarized above and set forth in the Settlement Agreement.
13       Finally, the positive response to the Settlement by the Settlement Class – evidenced by a
14  very small percentage of opt-outs and objections – further supports final approval.  Of the 66,386
15  direct notice recipients, only 89 opted out, and only two filed objections.  *Cf. Churchill Vill., L.L.C.*
16  *v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).  Moreover, no government agent has responded to the
17  proposed Settlement despite the notifications sent to the appropriate state and federal government
18  officials.
19       Also, only two objections were filed with the Court since preliminary approval, and neither
20  of the objections raises issues that warrant rejection of the Settlement.  (*See* Dkt. Nos. 300, 303-
21  1).  A court may appropriately infer that a class action settlement is fair, adequate, and reasonable
22  when few class members object to it.  *See, e.g., Churchill Vill.*, 361 F.3d at 577 (upholding district
23  court's approval of class settlement with 45 objections and 500 opt-outs from a class of 150,000).
24       As for these two objections, the Court has considered both and hereby overrules them.  The
25  objectors generally argue that the Settlement could have been better by providing different or
26  additional relief.  However, as the Ninth Circuit has made clear, the Court's inquiry "is not whether
27  the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from
28

[PROPOSED] ORDER GRANTING FINAL
APPROVAL – 5:09-CV-00670-JSW
010095-13  652907 V1

- 6 -

1  collusion." *Hanlon*, 150 F.3d at 1027.  The Court finds that the Settlement meets this standard.

2  Accordingly, having overruled all objections received, the Court approves the Settlement
3  Agreement as fair, adequate, and reasonable.  The Parties and Class members are hereby directed
4  to implement and consummate the Settlement Agreement according to its terms and provisions.

5  9.  Binding Effect.  The terms of the Settlement Agreement, and of this Final Order and
6  Judgment, shall be forever binding on Plaintiffs and all other Class Members, as well as their heirs,
7  executors, administrators, representatives, agents, successors and assigns, and those terms shall
8  have res judicata and other preclusive effect in all pending and future claims, lawsuits or other
9  proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or
10 other proceedings involve matters that were or could have been raised in this Action or are
11 otherwise encompassed by the Release described in the next paragraph of this Final Order and
12 Judgment.

13 10.  Release.  The release language contained in the Settlement Agreement (including,
14 but not limited to, § A, ¶ 29 and § I of the Settlement Agreement) is expressly incorporated herein
15 in all respects, is effective as of the date of this Final Order and Judgment, and forever discharges
16 the Released Parties as set forth therein.

17 11.  Permanent Injunction. All Class members who have not been timely excluded from
18 the Settlement Class (by serving a properly executed request for exclusion postmarked by October
19 28, 2013) are hereby permanently barred and enjoined from (a) filing, commencing, asserting,
20 prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as Class members
21 or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or
22 administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to
23 the claims and causes of action, or the facts and circumstances relating thereto, in this Action
24 and/or the matters released in the Released Claims sections of the Settlement Agreement (§ A, ¶ 29
25 and § I), and (b) organizing or soliciting the participation of any Class Members in a separate class
26 for purposes of pursuing as a purported class action (including by seeking to amend a pending
27 complaint to include class allegations, or by seeking class certification in a pending action) any

28

[PROPOSED] ORDER GRANTING FINAL
APPROVAL – 5:09-CV-00670-JSW
010095-13  652907 V1

- 7 -

1  lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and

2  circumstances relating thereto, in this Action and/or the matters released in the Released Claims

3  sections of the Settlement Agreement (§ A, ¶ 29 and § I).  The Court finds that issuance of this

4  permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action

5  and to protect and effectuate the Court's Final Order and Judgment.

6       12.    Enforcement of Settlement.  Nothing in this Final Order and Judgment shall

7  preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this

8  Final Order and Judgment preclude Plaintiffs or Class members from participating in the Claims

9  Program described in § D of the Settlement Agreement if they are entitled to do so under the terms

10  of the Settlement Agreement.

11       13.    Attorneys' and Class Representative's Fees and Expenses.  The Settlement

12  Agreement provides for attorneys' fees and reimbursement of their expenses in the amount of

13  $1,475,000.00, and stipends to the Class representatives as follows:  $7,500.00 each to Dean

14  Mahan, Gretchen Silverman, Steven McKenna, Thomas Schauppner, Marjorie Zachwieja, John

15  Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy Biondi-Huffman, and

16  Brian Hathaway (with Ms. and Dr. Hass sharing one such stipend between them).  The Court will

17  issue a separate order addressing these fees and stipend requests.

18       14.    No Other Payments.  The preceding paragraph of this Final Order and Judgment

19  covers, without limitation, any and all claims for attorneys' fees and expenses, representative fees,

20  costs or disbursements incurred by Class Counsel or any other counsel representing the Plaintiffs or

21  Class members, or incurred by the Plaintiffs or the Class members, or any of them, in connection

22  with or related in any manner to this Action, the settlement of this Action, the administration of

23  such Settlement, and/or the matters released in the Released Claims sections of the Settlement

24  Agreement (§ A, ¶ 29 and § I) except to the extent otherwise specified in this Final Order and

25  Judgment and the Settlement Agreement. Trex shall not be liable to Plaintiffs and the Class

26  members for any additional attorneys' fees, representative fees, or expenses. All costs of court are

27  taxed against the Parties incurring same.

28

[PROPOSED] ORDER GRANTING FINAL
APPROVAL – 5:09-CV-00670-JSW
010095-13  652907 V1

- 8 -

1       15.     Retention of Jurisdiction.  The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, including, without limitation, for the purpose of:

    a.      enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment, whether persons or entities are enjoined from pursuing any claims against Trex, etc.);

    b.      entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Trex), or to ensure the fair and orderly administration of the Settlement; and

    c.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties, and the Class members.

        16.     No Admissions.  Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Settlement) is, may be construed as, or may be used as an admission or concession by or against Trex as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever.  Additionally, neither the Settlement Agreement, nor any negotiations, actions, or proceedings related to them, shall be offered or received in evidence in any action or proceeding against Trex in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the

[PROPOSED] ORDER GRANTING FINAL
APPROVAL – 5:09-CV-00670-JSW                   - 9 -
010095-13 652907 V1

1    Settlement Agreement.  This Final Order and Judgment and the Settlement Agreement may be filed
2    and used by Trex or the Released Parties to seek an injunction and to support a defense of res
3    judicata, collateral estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or
4    reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar
5    defense or counterclaim.

6          Certification shall be automatically vacated and this Final Order and Judgment shall
7    become null and void if the Settlement Agreement is disapproved by any appellate court and/or any
8    other court of review, or if Trex properly invokes its right to terminate this Settlement Agreement
9    (pursuant to § M of the Settlement Agreement), in which event this Final Order and Judgment, the
10   Settlement Agreement and the fact that they were entered into shall not be offered, received or
11   construed as an admission or as evidence for any purpose, including the "certifiability" of any class
12   as further discussed in § B of the Settlement Agreement.  The Settlement Agreement itself, actions
13   in conformance with the Settlement, and the other documents prepared or executed by any party in
14   negotiating or implementing the Settlement called for by the Settlement Agreement, including any
15   of the terms of any such documents, shall not be construed as an admission, waiver or estoppel by
16   Trex and shall not be offered in evidence in or shared with any party to any civil, criminal,
17   administrative, or other action or proceeding without Trex's express written consent.

18         17.    Dismissal of Action.  This action is dismissed.  Dismissal of the Released Claims is
19   on the merits and with prejudice againstPlaintiffs and all other Class members, without fees or
20   costs to any party except as otherwise provided in this Final Order and Judgment and the Court's
21   separate order regarding attorneys' fees and costs and class representative stipends.

22         18.    Final Judgment.  This is a Final Judgment disposing of all Released Claims and all
23   parties asserting those Released Claims.

24         DATED: _____, 2013.

26         _____
      Honorable Jeffrey S. White
27         United States District Judge

# APPENDIX A

*Mahan, et al. v. Trex Company, Inc.*
Case No. 09-0670

**List of Opt-Outs Excluded from Settlement Class**

| No. | Last Name | First Name | State | Date |
|---|---|---|---|---|
| 1 | Sirl | Robert J. | CA | 9/13/2013 |
| 2 | Winker | Sherry | OR | 9/13/2013 |
| 3 | Hill | Ernest (Mr. & Mrs.) | WA | 9/14/2013 |
| 4 | Julian | Marina | CT | 9/14/2013 |
| 5 | Powers | E. Joan and Jackie | MD | 9/16/2013 |
| 6 | Nunes | John | CA | 9/16/2013 |
| 7 | Clark | William | CA | 9/16/2013 |
| 8 | Lightfoot | W. Louise "Penny" | WA | 9/16/2013 |
| 9 | Goheen | Doug | KS | 9/16/2013 |
| 10 | Near | Donald | CA | 9/16/2013 |
| 11 | Rohland | Robert & Carmen | CA | 9/16/2013 |
| 12 | Baker | Ronald | WA | 9/16/2013 |
| 13 | Charles | Steve & Amanda | MI | 9/16/2013 |
| 14 | Cupit | Cathy Jo | NV | 9/17/2013 |
| 15 | Zarett | George | OR | 9/17/2013 |
| 16 | Shreve | John W. | WI | 9/17/2013 |
| 17 | Bowden | Roy | WA | 9/17/2013 |
| 18 | Lee | Carolyn & Robert | CA | 9/17/2013 |
| 19 | Telfeian | Henry F. | CA | 9/18/2013 |
| 20 | Moe | Darcee L. | MT | 9/18/2013 |
| 21 | Aitcheson | Robert D. | WV | 9/18/2013 |
| 22 | Hanning | Gary W. | CA | 9/18/2013 |
| 23 | Weinhauer | Carlin & Marcia | WA | 9/18/2013 |
| 24 | Arricale | Linda C. | MA | 9/19/2013 |
| 25 | Fischer | Michael J. | CA | 9/19/2013 |
| 26 | Lewis | Daniel L. & Elaine J. | CA | 9/20/2013 |
| 27 | Kamat | Cynthia J. | FL | 9/20/2013 |
| 28 | Kerr | Glenn & Cassandra | SD | 9/20/2013 |
| 29 | Meade | J.W. & Donna E. | VA | 9/21/2013 |
| 30 | Jeffers | Allan | WA | 9/23/2013 |
| 31 | Curley | Judy | WA | 9/23/2013 |
| 32 | Hendricks | Mary J. | WV | 9/24/2013 |
| 33 | Stone | Marvin & Lucille | NE | 9/24/2013 |
| 34 | Lindsey | Michael E. | CA | 9/24/2013 |
| 35 | Long | Edward "Bud" & Vicky | OR | 9/24/2013 |
| 36 | Steinberg | Kyle | CA | 9/25/2013 |
| 37 | Hutchins | Russell & Susan | OH | 9/26/2013 |

| 38 | Malcolm (nee | Jean | NC | 9/26/2013 |
|---|---|---|---|---|
| 39 | Brauser | Bud | OR | 9/26/2013 |
| 40 | Stevenson | Karen A. & Doug | CA | 9/26/2013 |
| 41 | Parker | Patricia A. | CA | 9/27/2013 |
| 42 | Gore | Ronald | OH | 9/27/2013 |
| 43 | Chandler | Tim | OR | 9/27/2013 |
| 44 | Williams | Pat | CA | 9/30/2013 |
| 45 | Leonard | Joan R. | IL | 9/30/2013 |
| 46 | Hunter | Gregory & Virginia | NC | 10/1/2013 |
| 47 | Gurries | Richard & Laurie | CA | 10/1/2013 |
| 48 | Tyler | Aaron & Francie | ID | 10/1/2013 |
| 49 | Laposky | Karol & Stephen | PA | 10/2/2013 |
| 50 | White | Larry & Carolyn | GA | 10/2/2013 |
| 51 | Bleimann | George & Barbara | NY | 10/3/2013 |
| 52 | Bockino | Alida N. | ID | 10/5/2013 |
| 53 | Shope | David & Brenda | WA | 10/5/2013 |
| 54 | Anderson | Elsie | CA | 10/5/2013 |
| 55 | Walker | William & Kathleen | NY | 10/7/2013 |
| 56 | Shubin | Susan Dishler | MD | 10/8/2013 |
| 57 | Kooistra | August & Pat | WA | 10/9/2013 |
| 58 | City of Lemoore, CA | | CA | 10/9/2013 |
| 59 | Curtis School | | CA | 10/9/2013 |
| 60 | Taylor | Buddy | WA | 10/10/2013 |
| 61 | Loberstein | Alan | CA | 10/15/2013 |
| 62 | Hare | Janice | CA | 10/15/2013 |
| 63 | Davis | Scott & Lan | TX | 10/15/2013 |
| 64 | Mayer | Gary & Donna | SD | 10/15/2013 |
| 65 | Ebner | Donald & Karen | OH | 10/15/2013 |
| 66 | Neade | Frances Lynn | CA | 10/15/2013 |
| 67 | Marks | Mary M. | CO | 10/16/2013 |
| 68 | Uptmor | Kathy | ID | 10/16/2013 |
| 69 | Zavaglia, Jr. | Joseph | NJ | 10/17/2013 |
| 70 | Mills | Gary | IN | 10/17/2013 |
| 71 | Van Dyke | Richard & Rose Marie | UT | 10/18/2013 |
| 72 | Neville | Harold | WI | 10/21/2013 |
| 73 | Kay | Alyn | FL | 10/21/2013 |
| 74 | Holub | Edward | CO | 10/22/2013 |
| 75 | Sweet | Chuck | AZ | 10/22/2013 |
| 76 | O'Reilly | Timothy | CA | 10/23/2013 |
| 77 | Montgomery | Sean | IL | 10/24/2013 |
| 78 | Regel | Sandra | WA | 10/26/2013 |
| 79 | Retzlaff | Carl D. & Sandra | IN | 10/26/2013 |
| 80 | Lloyd | Susan & James | KY | 10/28/2013 |
| 81 | Robinson | Mel & Pat | MD | 10/28/2013 |

| 82 | McManus | Gary | OR | 10/28/2013 |
| --- | --- | --- | --- | --- |
| 83 | Walker | Dorothy W. | WA | 10/28/2013 |
| 84 | Chang | Norman | CA | 10/28/2013 |
| 85 | McQuillan | Marcia | OR | 10/15/2013 |
| 86 | Squibb | Shane & Michelle | CO | 10/5/2013 |
| 87 | Baker | Jane | UT | 9/18/2013 |
| 88 | Schaeffer; Argyle | Tamara; Jorgen | CA | 9/30/2013 |
| 89 | Haines | Walter & Eileen | CA | 10/17/2013 |