IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROSS, et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>TREX COMPANY, INC.,<br><br>    Defendant.<br>_____/ | No. C 09-00670 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 13, 2013, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

///

The Court **tentatively grants** the motion for final approval, and it reserves issuing a tentative ruling on the motion for attorneys' fees, costs and incentive awards.

1. In the motion for final approval, Plaintiffs reference a declaration presumably filed by Adrian Garcia. (*See* Docket No. 305 at p. 5 n.3.) What is the docket number of that declaration?

2. The parties have provided the Court with information about the number of impressions garnered by Internet notice as well as visits to the website. Can the parties translate those numbers to an estimated percentage of the number of absent class members the notice program would have reached?

3. With respect to the requested attorneys' fees, some of the declarations make clear that the fees relate only to the *Mahan* portion of this litigation. Can all counsel confirm that the fees they seek relate only to the *Mahan* portion of the claim and do not include fees for the previously settled *Ross* portion of the case?

4. Plaintiffs contend this is not a coupon settlement because it contains a cash component applicable to all class members. Do Plaintiffs have any Ninth Circuit authority decided after *In re HP Inkjet Printer Lit.*, 716 F.3d 1173 (9th Cir. 2013) to support that position?

5. Plaintiffs also argue that CAFA's limitations on attorneys' fees in coupon settlements are not applicable, because they are only seeking an attorneys' fee award based on the 8.25 million in cash awards available under Tiers 1 and 3. However, the Settlement Agreement provides that "[n]otwithstanding any other provision in this Agreement, Trex's Costs as defined herein shall be capped at, limited to, and shall not exceed under any circumstances, a total of $8.25 million." (Settlement Agreement § E.2.) Section E.1 of the Settlement Agreement defines Trex's Costs to include "payments made pursuant to Tier 2 Certificates or Tier 3 Certificates."
What is Plaintiffs' best argument that at least a portion of the award is *not* based on coupons?

**IT IS SO ORDERED.**

Dated: December 12, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE