UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROSS, et al., | Case No.  09-cv-00670-JSW |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL** |
| TREX COMPANY, INC., et al., | |
| Defendants. | |
| | Re: Dkt. No. 305 |

This matter comes before the Court upon consideration of the Motion for Final Approval of Class Action Settlement and Appointment of Class Representatives and Class Counsel (Docket No. 305).[1]  The Court has considered the parties' papers, relevant legal authority, the record in this case, and the parties' arguments during the final fairness hearing.  Counsel for Plaintiffs and the Class, as well as Defendant's counsel appeared at the hearing.  There were no objectors or other persons present.  For the reasons set forth in the remainder of this Order, the Court GRANTS the motion for final approval.

Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement and Dismissing Class Action with Prejudice (the "Final Order and Judgment") shall have the meanings set forth in the Amended Stipulation of Settlement and Release ("Settlement Agreement"). The Settlement Agreement (and any attachments thereto) is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes.

---

[1]    The revised version of the Settlement Agreement was filed with the Court on July 31, 2013.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court has personal jurisdiction over the parties and all Class Members, and has

2    subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve

3    the proposed Settlement, to grant final certification of the Settlement Class, to settle and release all

4    claims arising out of the transactions alleged in Plaintiffs' consolidated complaint, and to dismiss

5    this Action on the merits and with prejudice.

6    The Settlement Class this Court preliminarily certified in its Preliminary Approval Order is

7    hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(b)(3).  The Settlement

8    Class consists of:  All Persons in the United States or its territories who own or owned a Trex

9    Structure built with Trex Product, *i.e.,* "any and all Trex non-shelled wood-plastic composite

10   decking, railing, or fencing material" sold under various trademarks set forth in the Settlement

11   Agreement, purchased during the Class Period.

12   Included within the Settlement Class are the legal representatives, heirs, successors in

13   interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and

14   remote.  Excluded from the Settlement Class are:  Defendant and its subsidiaries and affiliates; all

15   persons who, in accordance with the terms of this Agreement, properly execute and timely file

16   during the Opt-Out Period a request for exclusion from the Settlement Class; all governmental

17   entities; and the judge(s) to whom this case is assigned and any immediate family members

18   thereof.  A list of those persons who have timely excluded themselves from the Class, and who

19   therefore are not bound by this Final Order and Judgment, is attached hereto as Appendix A,

20   which is incorporated herein and made a part hereof for all purposes.

21   The Court appoints Dean Mahan, Gretchen Silverman, Steven McKenna, Thomas

22   Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny

23   W. Hass, Amy Biondi-Huffman, and Brian Hathaway to serve as Settlement Class representatives.

24   The Court appoints Hagens Berman Sobol Shapiro LLP to serve as Class Counsel.  The Court

25   finds that Class Counsel and Plaintiffs have fully and adequately represented the Settlement Class

26   for purposes of entering into and implementing the Settlement Agreement and have satisfied the

27   requirements of Fed. R. Civ. P. 23(a)(4).

28

United States District Court
Northern District of California

1    The Court finds that the direct mail notice and publication of the Notice in accordance with

2    the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as

3    explained in the declarations filed before the Fairness Hearing constituted the best practicable

4    notice under the circumstances, and was reasonable and constituted due, adequate, and sufficient

5    notice to all persons entitled to be provided with notice to Class Members.

6    The Court also finds that the notice plan was reasonably calculated, under the

7    circumstances to apprise Class Members: of (i) the pendency of this class action, (ii) their right to

8    exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to

9    object to any aspect of the proposed Settlement (including final certification of the Settlement

10   Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the

11   Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys'

12   and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or

13   through counsel hired at their own expense), and (v) the binding effect of the orders and Final

14   Order and Judgment in this Action, whether favorable or unfavorable, on all persons who do not

15   request exclusion from the Settlement Class.

16   The Court finds that Trex provided notice of the proposed Settlement to the appropriate

17   state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore, the Court has

18   given the appropriate state and federal government officials the requisite 90 day time period

19   (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed Settlement before entering its

20   Final Order and Judgment and no such objections or comments were received. (*See generally*

21   Docket No. 106, Declaration of Patrick Perrone.)

22   For purposes of the settlement of this Action (and only for such purposes, and without an

23   adjudication of the merits), the Court finds that the Settlement Class consists of thousands of

24   Persons who own decks or other structures composed of Trex Product as defined in the Settlement

25   Agreement.  The Settlement Class is so numerous that their joinder before the Court would be

26   impracticable.  The Court also finds for settlement purposes that Plaintiffs have alleged at least

27   one question of fact and law purportedly common to the Settlement Class and, thus satisfy the

28   commonality requirement of Federal Rule of Civil Procedure 23(a).  Plaintiffs complain of alleged

3

United States District Court
Northern District of California

1    common misrepresentations by Trex and an alleged common condition of the product in question.

2    The Court finds for settlement purposes that the claims of the named Plaintiffs are typical of the

3    claims of the Settlement Class that are being settled.  The named Plaintiffs are adequate

4    representatives of the Settlement Class they represent, because their interests are reasonably co-

5    extensive with those of Settlement Class members, and the Plaintiffs have retained experienced

6    counsel to represent them.  The named Plaintiffs and Class Counsel will fairly and adequately

7    protect the interests of the Settlement Class.

8         In addition, the Court finds for settlement purposes that a resolution of this Action in the

9    manner proposed by the Settlement Agreement is superior to other available methods for a fair and

10   efficient adjudication of the Action and that common issues predominate over individual issues.

11   Common questions include whether Trex products manufactured during the relevant time period

12   are defective by design or manufacture.  Class treatment here, in the context of the Settlement, will

13   facilitate the favorable resolution of all Settlement Class Members' claims.  The proposed

14   resolution of this Action involves a three-tiered benefit structure, allowing qualified Class

15   members to choose:  a) cash benefits; b) alternatively, a rebate benefit (with cash reimbursement

16   for a cleaning product); or c) alternatively, a larger rebate benefit with a formulaic cash payment

17   as partial labor reimbursement (with cash reimbursement for a cleaning product); or at the

18   qualified Class Member's option, a partial cash refund (with cash reimbursement for a cleaning

19   product).

20        Given the number of Class Members, use of the class device will offer a more efficient and

21   fair means of adjudicating the claims at issue, conserve judicial resources, and will promote

22   consistency and efficiency of adjudication by avoiding multiple individual suits or piecemeal

23   litigation.  The Court also notes that, because this Action is being settled rather than litigated, the

24   Court need not consider manageability issues that might be presented by the trial of a nationwide

25   class action involving the issues in this case.  *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620

26   (1997).

27        In making these findings, the Court has considered, among other factors:  (i) the interests

28   of Class Members in individually controlling the prosecution or defense of separate actions; (ii)

4

the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.  The Court takes guidance in its consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

The terms and provisions of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

The Court finds that the Settlement Agreement is fair, adequate, and reasonable based on the following factors, among other things.  First, there is no fraud or collusion underlying this Settlement, and it was reached after good faith, arms'-length negotiations, warranting a presumption in favor of approval.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  The Parties reached their settlement, and later, in separate negotiations, their agreement as to Class Representative stipends and attorneys' fees and costs, with the aid of retired Illinois state and federal district Judge Wayne R. Andersen, who acted as mediator and neutral.

Second, the complexity, expense, and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and formal discovery completed, the Parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

Third, the support of Class Counsel and their co-counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favors final approval.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fourth, the Settlement provides meaningful relief to the Settlement Class as summarized above and set forth in the Settlement Agreement.  Finally, as noted, no government agent has responded to the proposed Settlement despite the notifications sent to the appropriate state and federal government officials. In addition, there has been a positive response to the Settlement by the Settlement Class. Of the 66,386 direct notice recipients, only 89 opted out.  *Cf. Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

In addition, the Court only received two objections.  (*See* Docket. Nos. 300, 303-1).  A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.  *See, e.g., Churchill Vill.*, 361 F.3d at 577 (upholding district court's approval of class settlement with 45 objections and 500 opt-outs from a class of 150,000). As for these two objections, the Court has considered both and hereby overrules them.  The objectors generally argue that the Settlement could have been better by providing different or additional relief.  However, as the Ninth Circuit has made clear, the Court's inquiry "is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.  The Court finds that the Settlement meets this standard.

Accordingly, having overruled all objections received, the Court approves the Settlement Agreement as fair, adequate, and reasonable.  The Parties and Class members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

The terms of the Settlement Agreement, and of this Final Order and Judgment, shall be forever binding on Plaintiffs and all other Class Members, as well as their heirs, executors, administrators, representatives, agents, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release described in the next paragraph of this Final Order and Judgment.

The release language contained in the Settlement Agreement (including, but not limited to, Section A, Paragraph 29 and Section I of the Settlement Agreement) is expressly incorporated

herein in all respects, is effective as of the date of this Final Order and Judgment, and forever

discharges the Released Parties as set forth therein.  All Class members who have not been timely

excluded from the Settlement Class (by serving a properly executed request for exclusion

postmarked by October 28, 2013) are hereby permanently barred and enjoined from (a) filing,

commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in,

participating in (as Class members or otherwise), or receiving any benefits or other relief from,

any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any

jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances

relating thereto, in this Action and/or the matters released in the Released Claims sections of the

Settlement Agreement (Section A, Paragraph 29 and Section I), and (b) organizing or soliciting

the participation of any Class Members in a separate class for purposes of pursuing as a purported

class action (including by seeking to amend a pending complaint to include class allegations, or by

seeking class certification in a pending action) any lawsuit or other proceeding based on or

relating to the claims and causes of action, or the facts and circumstances relating thereto, in this

Action and/or the matters released in the Released Claims sections of the Settlement Agreement

(Section A, Paragraph 29 and Section I).  The Court finds that issuance of this permanent

injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and to

protect and effectuate the Court's Final Order and Judgment.

   Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of

the Settlement Agreement; nor shall anything in this Final Order and Judgment preclude Plaintiffs

or Class Members from participating in the Claims Program described in Section D of the

Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

   The Settlement Agreement provides for attorneys' fees and reimbursement of their

expenses in the amount of $1,475,000.00, and stipends to the Class Representatives as follows:

$7,500.00 each to Dean Mahan, Gretchen Silverman, Steven McKenna, Thomas Schauppner,

Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny W. Hass, Amy

Biondi-Huffman, and Brian Hathaway (with Ms. and Dr. Hass sharing one such stipend between

them).  The Court will issue a separate order addressing these fees and stipend requests.

United States District Court
Northern District of California

The preceding paragraph of this Final Order and Judgment covers, without limitation, any and all claims for attorneys' fees and expenses, representative fees, costs or disbursements incurred by Class Counsel or any other counsel representing the Plaintiffs or Class Members, or incurred by the Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, the administration of such Settlement, and/or the matters released in the Released Claims sections of the Settlement Agreement (Section A, Paragraph 29 and Section I) except to the extent otherwise specified in this Final Order and Judgment and the Settlement Agreement. Trex shall not be liable to Plaintiffs and the Class members for any additional attorneys' fees, representative fees, or expenses. All costs of court are taxed against the Parties incurring same.

The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, including, without limitation, for the purpose of:

1.      enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment, whether persons or entities are enjoined from pursuing any claims against Trex, *etc.*);

2.      entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Trex), or to ensure the fair and orderly administration of the Settlement; and

3.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties, and the

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Class members.  The Court, however, reserves the right to refer any such matters to a randomly

2   assigned Magistrate Judge for purposes of preparing a report and recommendation.

3           Neither this Final Order and Judgment nor the Settlement Agreement (nor any other

4   document referred to herein, nor any action taken to negotiate, effectuate and implement the

5   Settlement) is, may be construed as, or may be used as an admission or concession by or against

6   Trex as to the validity of any claim or any actual or potential fault, wrongdoing or liability

7   whatsoever.  Additionally, neither the Settlement Agreement, nor any negotiations, actions, or

8   proceedings related to them, shall be offered or received in evidence in any action or proceeding

9   against Trex in any court, administrative agency or other tribunal for any purpose whatsoever,

10  except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement.

11  This Final Order and Judgment and the Settlement Agreement may be filed and used by Trex or

12  the Released Parties to seek an injunction and to support a defense of res judicata, collateral

13  estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and

14  credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15          Certification shall be automatically vacated and this Final Order and Judgment shall

16  become null and void if the Settlement Agreement is disapproved by any appellate court and/or

17  any other court of review, or if Trex properly invokes its right to terminate this Settlement

18  Agreement (pursuant to Section M of the Settlement Agreement), in which event this Final Order

19  and Judgment, the Settlement Agreement and the fact that they were entered into shall not be

20  offered, received or construed as an admission or as evidence for any purpose, including the

21  "certifiability" of any class as further discussed in Section B of the Settlement Agreement.  The

22  Settlement Agreement itself, actions in conformance with the Settlement, and the other documents

23  prepared or executed by any party in negotiating or implementing the Settlement called for by the

24  Settlement Agreement, including any of the terms of any such documents, shall not be construed

25  as an admission, waiver or estoppel by Trex and shall not be offered in evidence in or shared with

26  any party to any civil, criminal, administrative, or other action or proceeding without Trex's

27  express written consent.

28

9

1         This action is dismissed.  Dismissal of the Released Claims is on the merits and with

2    prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except

3    as otherwise provided in this Final Order and Judgment and the Court's separate order regarding

4    attorneys' fees and costs and class representative stipends.  This is a Final Judgment disposing of

5    all Released Claims and all parties asserting those Released Claims.  Accordingly, the Clerk is

6    directed to close the file.

7         **IT IS SO ORDERED.**

8    Dated:  December 16, 2013

9    

10   _____
     JEFFREY S. WHITE
     United States District Judge