UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROSS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TREX COMPANY, INC., et al.,<br><br>        Defendants. | Case No. 09-cv-00670-JSW<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**<br><br>Re: Dkt. No. 308 |

This matter comes before the Court upon consideration of the Motion for Attorneys' Fees, Costs and Service Awards filed by Plaintiffs, in connection with their motion for final approval of a class action settlement. The Court has considered the parties' papers, relevant legal authority, the record in this case, and has considered the arguments presented at the final fairness hearing held on December 13, 2013. For the reasons set forth in the remainder of this Order, the Court GRANTS the motion.

The Court finds that the lodestar method for awarding attorneys' fees was appropriate in this non-common-fund case, and that the reasonable lodestar incurred by Class Counsel Hagens Berman Sobol Shapiro LLP and co-counsel Lieff Cabraser Heimann & Bernstein, LLP; Audet & Partners, LLP; Tousley Brain Stephens PLLC; Cohen Milstein Sellers & Toll PLLC; Hausfeld LLP; Cuneo, Gilbert & LaDuca, LLP; and Lockridge Grindal Nauen PLLP in this matter, based on their reasonable hourly rates, totals $1,930,033.03. The Court finds that this amount is reasonable based on: the representations of work performed in the case (and to be performed) as set forth in the attorney declarations, as well as the supplemental declarations ordered by the Court; and the reasonableness of that work; the reasonable hourly rates of counsel, which compare favorably to other rates awarded in this judicial district, including in the *Ross* surface-flaking

1   settlement with Trex that directly preceded this matter, and as otherwise established by the
2   declarations submitted in support of this motion; the novelty and complexity of this litigation; the
3   skill and experience of class counsel and the quality of their representation; the substantial benefit
4   made available to the class as a result of the settlement in this action; and the risks of non-
5   payment.

6   Furthermore, a cross-check against a so-called constructive common fund confirms the
7   reasonableness of plaintiffs' lodestar and the award of attorneys' fees made herein. *See In re*
8   *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944-45 (9th Cir. 2011) (discussing such a
9   cross-check). When the Court compares the sum of attorneys' fees sought as part of the $1.475
10  million total award of fees, costs, and expenses, which is less than $1.475 million, to $9.8 million,
11  which is the value of a constructive common fund consisting of the funds available to the class
12  ($8.25 million), the funds negotiated to pay fees, costs, and expenses ($1.475 million), and the
13  sum negotiated to pay service awards ($75,000), the result is well below the 25% benchmark in
14  this federal judicial circuit for common fund awards. *See id.* at 945. This cross-check confirms
15  the reasonableness of the instant request.

16  Furthermore, plaintiffs have sought attorneys' fees in an amount representing a negative
17  multiplier to the base lodestar. Subtracting costs and expenses (as set forth below) from $1.475
18  million leaves $1,321,200.47 available for attorneys' fees. The base lodestar is $1,776,233.50,
19  such that the multiplier is approximately 74% - a negative multiplier. Plaintiffs sought no
20  extraordinary award of fees; to the contrary, they sought less than their lodestar, which further
21  supports the reasonableness of the fees requested and awarded.

22  The Court also finds that the foregoing counsel have incurred $153,799.53 in reasonable
23  costs and expenses in this matter, and it approves payment in that amount. These costs and
24  expenses were reasonably incurred in the ordinary course of prosecuting this case and were
25  necessary given the complex nature and nationwide reach of this matter.

26  Thus, in total, the Court awards $1.475 million in attorneys' fees, costs, and expenses in
27  this matter, and it leaves distribution of same to Class Counsel Hagens Berman Sobol Shapiro.
28

1    The Court also approves service awards of $7,500 to each of the named Plaintiffs and
2 Class Representatives in this matter, Dean Mahan, Gretchen Silverman, Steven McKenna, Thomas
3 Schauppner, Marjorie Zachwieja, John Forcella, Sheila Shapiro, Sabrina W. Hass and Dr. Lanny
4 W. Hass, Amy Biondi-Huffman, and Brian Hathaway, with the proviso that Ms. Hass and Dr.
5 Hass shall share one such award between them.  These service awards are supported by the
6 declarations submitted by the named Plaintiffs and Class Representatives.  They are otherwise
7 justified by the amount of time and effort spent by the Class Representatives on this matter on
8 behalf of the class; the duration of this matter; lost time from work and family; and the other
9 factors set forth in their supporting declarations.  They also are supported by precedent.  The same
10 amount was awarded to each class representative in the *Ross* surface-flaking settlement against
11 Trex, which preceded this matter, and in *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329
12 (W.D. Wash. 2009), another mold-spotting case settled with another decking manufacturer.
13   The attorneys' fees, costs, and service awards made by this order shall be paid by
14 defendant Trex Company, Inc. in accordance with the terms of the Amended Stipulation of
15 Settlement and Release filed in this matter on July 31, 2013.
16   **IT IS SO ORDERED.**
17 Dated:  December 16, 2013

_____
JEFFREY S. WHITE
United States District Judge